## The State *v.* Wentworth.

In an indictment for selling spirituous liquor without license, if the sale was made to one who acted in the purchase as agent of the buyer, it is sufficient to allege the sale to have been made to the agent.

INDICTMENT, for selling spirituous liquor without license to one Theodore Gilman.

Upon the trial said Theodore was produced as a witness in support of the prosecution, and he testified that upon the occasion of the sale of the liquor he was going to Wakefield Corner, and his brother, Caleb Gilman, handed him a bottle, and requested him to procure some rum for him, Caleb, who complained of being troubled with rheumatism; that the witness took the bottle, and applied to the respondent for the rum, informing him at the same time for whom he wanted it; that the respondent took the bottle, filled it, and returned it to the witness; that upon asking the respondent what there was to pay, he said twenty-five cents, and the witness then handed him a quarter of a dollar, which Caleb had given to the witness to pay for the rum. The respondent objected that the evidence did not support the indictment, the sale being alleged to have been made to Theodore Gilman, while the evidence showed that it was made to Caleb Gilman. The court ruled that upon the evidence the indictment was sustained. The jury returned a verdict of guilty, which the respondent moves to set aside.

*Batchelder*, for the respondent.

Theodore Gilman was merely the agent of Caleb in the purchase. The property vested in Caleb immediately upon the sale, and in law the sale was to him, and should have been so charged in the indictment. The sale being to Caleb, the record of the defendant's conviction or acquittal would be no defence to another indictment for selling the same liquor to Caleb.

SAWYER, J. The section of the statute upon which this indictment is founded declares that if any person, not licensed,

shall sell any spirituous liquor or wine, he shall be punished by fine. It is the act of selling at which the statute is aimed. The seller alone is subjected to its penalties. The purchaser, though a party to the prohibited sale, commits no offence, as that lies wholly in the act of selling.

A sale, in the legal import of the word, implies the transferring of property from the seller to the buyer for a price, and includes not only the idea of divesting the seller of the title, but also of vesting it in the buyer. In this sense the sale can be only to the party, who, upon the sale and by reason of it, becomes the owner of the thing sold. This constitutes, in law, a contract of sale. If the policy of the statute were directed to the prohibiting of such contracts, the selling, which it punishes, might properly be construed to mean the making of a contract of sale, and under that construction the indictment might be required, in describing the offence, to set forth the party who was in law the purchaser, if it undertook to allege the person to whom the sale was made. If the statute were so construed, the allegation in this indictment, that the respondent sold to Theodore Gilman, would be sustained only by proof that the contract of sale was made with him as the purchaser, whether it was negotiated by himself personally or by another as his agent; and, consequently, evidence that he negotiated the purchase, not for himself but as the agent of Caleb Gilman, would not sustain the indictment.

But it is clear that the object of the statute is not to prohibit the making of such sales as contracts, but to suppress the unlicensed selling. To effect this, it imposes the penalty upon the act of selling, and not upon the making of the contract. It merely declares that if any person, not being licensed, shall sell, he shall be punished. The whole force of the statute is directed against the act of selling, without regard to the qualities or incidents of the act, as a contract. Whether the party acting as purchaser is negotiating for himself or for another, is immaterial, as the selling, in its ordinary meaning, of delivering or parting with the liquor for a price, is made to him who thus negotiates, whether the sale as a contract in point of law is made to him or to his principal.

The allegation that the liquor was sold to a particular person, is a descriptive averment, and must be proved as laid.

There can be no doubt, if the sale were made to a person unknown, it may be so alleged in the indictment.

. If the party acting as buyer in the negotiation were acting for himself, then the sale, both in its legal sense, as a contract, and in its popular meaning, is made to him, and it should be so charged in the indictment. If he were acting as the agent of another, the selling, in the common acceptation of the word, was made to him, though as a contract the sale was made to his principal; and in such case it would seem the indictment may well enough allege it to have been made to either. It is clearly sufficient if it allege it as made to him who in the negotiation acted as the buyer, and as such received the liquor.

In the case of *State* v. *Haines,* (*ante,* p. 207,) this construction was given to the act, it being there decided that a married woman, acting in behalf of her husband in making sale of the liquor, was liable to the penalty, as being guilty of the act of selling, although the sale, as a contract, was in law that of her husband.

The objection to this view, suggested in the argument for the respondent, that the record of a conviction in this case will furnish no defence to a second indictment, charging the sale to have been made to Caleb Gilman, the principal, has no greater force in this than in numerous analogous cases, where material matters may be set forth in one of several different ways, as in the case of the larceny of goods bailed, where the property may be laid in the general owner or in the bailee. In all such cases the record of a conviction, or acquittal under the first indictment, is insufficient of itself to show the identity of the offence charged in the second, and it then becomes matter of proof by evidence *aliunde.*

The evidence being sufficient to sustain the allegation that the sale was made to Theodore Gilman, there must be

*Judgment on the verdict.*