UNITED STATES v. ECHOLS.

(District Court, S. D. Texas, Houston Division. October 29, 1918.)

No. 609.

CRIMINAL LAW ⊜⇒37—CRIME INDUCED BY OFFICER.

A defendant cannot be convicted of a crime which he was incited and induced to commit by a government officer for his entrapment.

Criminal prosecution by the United States against F. A. Echols. Dismissed.

John E. Green, Jr., U. S. Atty., of Houston, Tex.

HUTCHESON, District Judge. In this case it appears to the court, upon inquiry, both of the defendant and of the government witnesses, that the offense charged was committed by the defendant as a result of an entrapment planned and carried out by an officer of the law for the purpose of inducing the defendant to commit an offense, so that he might be prosecuted therefor.

The point involved in this case is simple, and is settled by the authorities. It is clearly the law that, while it may be true that the mere aiding of one in the commission of a criminal act by a government officer, or agent, does not preclude the conviction of the party committing the crime, yet, where the officers of the law have incited or induced the commitment of the crime, and lured the defendant on to its commission, the law will not authorize a verdict of guilty.

This case presents a most flagrant violation of that rule. Here the defendant, while in a state of partial intoxication, was accosted by a military police officer, who, in return for the friendly salutation of the defendant, asked the defendant to procure him a drink, and this with the purpose and design on the part of the officer that a crime should be committed, in order that he might arrest the defendant therefor. A simple statement of the circumstances is sufficient to rebut any claim of responsible criminality on the part of the defendant, even were authorities lacking to sustain the rule. Sam Yick et al. v. United States, 240 Fed. 65, 153 C. C. A. 96; Woo Wai et al. v. United States, 223 Fed. 412, 137 C. C. A. 604.

This rule does not proceed from or rest on any limitation of the right of the officers of the law to obtain evidence of crime in any manner possible, nor is it a defense to a prosecution that the officer participated in the commission of a crime, if the genesis of the idea, or the real origin of the criminal act, sprang from the defendant, and not from the officer; or, as the differentiation is well stated in 12 Cyc. 160:

"The fact that a detective or other person suspected that the defendant was about to commit a crime, and prepared for his detection, as a result of which he was entrapped in its commission, is no excuse, if the defendant alone conceived the original criminal design."

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

But this statement in no manner authorizes government officers, employed to prevent crime and apprehend criminals, to thus conceive and set on foot the commission of an offense merely in order to make an arrest. The Circuit Court of Appeals for the Ninth Circuit has well stated the matter in Woo Wai v. United States, 223 Fed. 415, 137 C. C. A. 607:

"We are of the opinion that it is against public policy to sustain a conviction obtained in the manner which is disclosed by the evidence in this case, taking the testimony of the defendants to be true, and that a sound public policy can be upheld only by denying the criminality of those who are thus induced to commit acts which infringe the letter of the criminal statutes. Some of the courts have gone far in sustaining convictions of crimes induced by detectives and by state officers. * * * But it is to be said, by way of distinguishing such cases from the case at bar, that in all of those cases the criminal intention to commit the offense had its origin in the mind of the defendant. * * * In the case at bar, the suggestion of the criminal act came from the officer of the government."

In what is here stated there is no intention to excuse persons who yield to temptation, or to hamper or limit the acts of officers of the law in detecting crime by any means or device; but the zeal to detect crime ought not to be so vigorous as to induce officers to originate and procure the commission of the very offenses which they are enjoined to prevent. No faithful officer of the law will be hampered, nor will any criminal be aided, by the observance of this rule. Its disregard, however, may, and likely will, subject to persecution and conviction weak and spineless persons, who find it hard to resist temptation; and the government, through the zeal for conviction on the part of the arresting officer, may become the means of the ruin of its citizens, instead of their safeguard and protection. Such a possible result at once establishes the unimpeachable wisdom of the rule of public policy here enunciated, and requires that the plea of guilty, which the defendant offered to make, be by the court refused, and the case dismissed, which is accordingly now done.