### SAUNDERS et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 3, 1919.)

No. 3180.

1. CRIMINAL LAW ⊜⪻559—EVIDENCE—INFERENCES—VERDICT.
    A verdict may be based on a rightful inference arising from the testimony, as well as on the direct testimony.

2. POISONS ⊜⪻2—HARRISON ACT—CONSTITUTIONALITY.
    The Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), relating to sales of narcotic drugs and prohibiting the sale direct to a consumer without a prescription issued in good faith by a physician in the course of his professional practice, under the revenue powers of the federal government, is not invalid as an attempt by the federal government to exercise a police power, wihch was not delegated, but was reserved to the states.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

A. L. Saunders and Leon S. Thompson were convicted of violating Harrison Anti-Narcotic Act Dec. 17, 1914, and they bring error. Affirmed.

Ralph Davis, of Memphis, Tenn., for plaintiffs in error.
Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

---

⊜⪻For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WARRINGTON, Circuit Judge. December 11, 1917, A. L. Saunders, a licensed physician, and Leon S. Thompson, a druggist, both of Memphis, Tenn., were indicted for violation of the Act of Congress (Act Dec. 17, 1914, c. 1, 38 Stat. 785 [Comp. St. §§ 6287g–6287q]), known as the Harrison Anti-Narcotic Law. On the 18th of that month they were tried by court and jury and found guilty; and on the following January 16th motion for new trial was denied and defendants were sentenced.

The indictment in substance charged that under a fictitious prescription defendants sold and dispensed one-eighth of an ounce of morphine sulphate, a derivative of opium, to one Joe Peak, without the written order form required by the act (38 Stat. 786, § 2 [Comp. St. § 6287h]), and that the offense was committed in this way: Saunders, on August 9, 1917, made and issued to Peak a prescription for the drug, under date, however, of August 10th, and in the name and with the address of Florence McKnight, and not in the course of his professional practice only, nor in good faith to treat Peak as a patient for a disease or otherwise. Saunders also aided and abetted, induced and procured, Thompson to fill the prescription and to sell the morphine sulphate to Peak, and on the same day, August 9th, Thompson with knowledge of these facts filled the prescription and sold the morphine sulphate to Peak; such acts being committed with intent on the part of both defendants to evade the provisions of the act mentioned.

Motion to quash the indictment was overruled and pleas of not guilty were entered. Under the issues of fact thus presented the case was tried on proofs offered by both sides, including the testimony of defendants themselves. It was assumed throughout that defendants had each registered and also paid his tax, Saunders as a physician and Thompson as a druggist, and that Thompson had procured his drugs through the order forms prescribed. No motion for directed verdict was presented, but in the course of the charge request was made for special instructions, first, to limit the scope of certain telephonic communications of Saunders, so as not to affect Thompson, and, second, that if Saunders and Thompson were acting independently of each other, the one in writing and the other in filling prescriptions, neither could be convicted. Thereupon the court explained the charge in respect of both requests, and there is no reversible error in the charge or in the explanations given in pursuance of the requests mentioned, at least so far as such requests were made the subject of both exception and assignment.

[1] The remaining assignments relate either in terms or in effect to the legal sufficiency of the judgment and of the evidence. Apart from a proposition of law presently to be noticed, it is perhaps enough to say of the assignments that as respects their relation to the evidence they have not been supported by any argument and are in practical effect waived; it may, however, be added that the record discloses evidence directly tending to sustain the allegations of the indictment, and which, if believed, is sufficient in law to support the verdict as to each of the defendants (Kelly v. United States, 258 Fed. 392, —— C. C. A. ——, decided by this court January 7, 1919), and, besides, verdicts may

be rendered upon rightful inference arising from the evidence, as here, as well as upon direct testimony (Robilio v. United States, 259 Fed. 101, —— C. C. A. ——, decided by this court March 4, 1919).

[2] The logic of the verdict is that Thompson sold the drug to Peak in pursuance of a prescription which he knew Saunders had not issued in good faith, but in furtherance of the sale; and the only conceivable justification of the transaction must rest upon the theory that these two men through their partial observance of the act were in effect licensed to deal in the forbidden drug to any extent they desired. Indeed, the proposition of law urged and before alluded to is that the portion of the act which prohibits a person, qualified as Thompson was under the act, from selling morphine sulphate directly to a consumer and without a prescription issued in good faith by a registered physician in the course of his professional practice only, is distinctly a police regulation and unconstitutional. Such a view cannot be accepted; it is decisively answered by several recent decisions sustaining the validity of the act. Webb v. United States, 249 U. S. 96, 99, 39 Sup. Ct. 217; United States v. Doremus, 249 U. S. 86, 93 to 95, 39 Sup. Ct. 214; Stetson v. United States, 257 Fed. 689, —— C. C. A. ——, decided by this court May 12, 1919. The decision in Blunt v. United States, 255 Fed. 332, —— C. C. A. —— (C. C. A. 7), relied on by counsel, is on its facts inapplicable to the instant case, and, moreover, so far as the decision holds a portion of section 2 of the act to be constitutionally invalid, it must be regarded as overruled

The judgment is affirmed.