REEVES v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 18, 1920.)

No. 3063.

1. CRIMINAL LAW ⬗1156(1)—RULING AS TO NEW TRIAL DISCRETIONARY, AND NOT REVIEWABLE.

The granting or refusal of a motion for a new trial is discretionary with the trial court, and will not be reviewed.

2. CRIMINAL LAW ⬗1121(2)—DENIAL OF INSTRUCTED VERDICT NOT REVIEWABLE, IN ABSENCE OF EVIDENCE.

The overruling of a motion by defendant for an instructed verdict will not be reviewed, where the entire evidence has not been brought up.

3. CRIMINAL LAW ⬗1044, 1054(1)—ADMISSION OF EVIDENCE NOT REVIEWABLE, WITHOUT MOTION TO STRIKE OUT AND EXCEPTION.

The admission of testimony could not be reviewed, where defendant did not complain of the testimony, ask the court to strike it out, and reserve an exception to the court's action thereon.

4. CRIMINAL LAW ⬗472—EXPERT TESTIMONY AS TO PROPER METHOD OF TREATING NARCOTIC ADDICTS ADMISSIBLE.

On the trial of a physician for illegally dispensing drugs, in violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), the testimony of experts as to the proper method recognized by the medical profession for the treatment of narcotic addicts was admissible on the issue of whether the drug was dispensed in the legitimate course of defendant's practice as a physician.

5. POISONS ⬗9—INDICTMENT CHARGING PHYSICIAN WITH DISPENSING FORBIDDEN DRUGS HELD SUFFICIENT.

An indictment charging a registered physician with selling and dispensing morphine sulphate in violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), which negatived the exceptions contained in the statute, held sufficient.

6. POISONS ⬗2—PHYSICIANS MAY DISPENSE OPIUM ONLY AS PERMITTED BY STATUTE.

A practicing physician is not authorized, under the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), to sell or dispense opium or its derivatives in any manner other than in the course of his professional practice or in the ways laid down in the statute.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

E. W. Reeves was convicted of an offense, and he brings error. Affirmed.

---

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

B. B. Howard, of New Orleans, La., for plaintiff in error.

Henry Mooney, U. S. Atty., and Nicholas Callan, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, Circuit Judge, and GRUBB and CALL, District Judges.

CALL, District Judge. This cause comes up on error to the District Court of the Eastern District of Louisiana.

The plaintiff in error was indicted for a violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q). There are seven counts in the indictment, and each count is alike, except that a different person is named to whom the drug is alleged to have been illegally dispensed. A demurrer was interposed to the indictment on two grounds, both of which raise the question that there is no offense charged, in that he was a duly registered physician and exempt in said act. The District Court overruled this demurrer, and upon a plea of not guilty a trial and verdict of "guilty as charged" was had. A motion for a new trial was made and denied.

The plaintiff in error assigns as error the court's action in overruling the demurrer to the indictment; the admission of expert testimony as to the proper mode of treating addicts to the morphine habit; the testimony of the expert that the treatment used by the plaintiff in error was in his opinion selling morphine; the overruling of the motion of plaintiff in error for an instructed verdict; and the denial by the court of his motion for a new trial.

[1] As to the last ground it is sufficient to say that this court cannot consider it. The granting or refusal of a motion for a new trial is discretionary with the trial court, and will not be reviewed. Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917.

[2] As to the assignment that the court erred in overruling the motion of plaintiff in error for an instructed verdict, all that is necessary to say is that the entire evidence has not been brought up, so that this court may determine whether there was any evidence on which a verdict of guilty could have been reasonably based. Texas & Pacific Ry. Co. v. Cox, 145 U. S. 606, 12 Sup. Ct. 905, 36 L. Ed. 829.

[3] As to the assignment that the court erred in permitting the expert to testify that the treatment used by plaintiff in error was in his opinion selling morphine, we can find in the record nowhere that he complained of this testimony and asked the court to strike it and reserved any exception to the court's action thereon. This is necessary, in order for us to consider any such an assignment. The only objections we find in the record are as to physicians testifying, as experts, as noted below; and this overruling of these objections is assigned in the second ground assigned as error. We therefore pass to a consideration of this assignment.

[4] During the progress of the trial the government tendered as witnesses three physicians of New Orleans to testify as experts as to the proper method recognized by the medical profession for the treatment of narcotic addicts. The defendant objected to such expert testimony, on the tender of each of said witnesses, on the ground that

expert testimony was inadmissible, and that the facts only as to what the defendant did in the practice of his profession, in the treatment of addicts, under the indictment, was admissible. This is the only objection shown in the record to any testimony given by either of the three witnesses. The defendant was a physician, and indicted under the Harrison Act for illegally dispensing the drugs; his claim being that said drugs were dispensed in the course of his practice as such physician. The objections were overruled by the trial court and exception noted. This general objection was properly overruled by the trial court. The plaintiff in error was on trial, charged with having illegally dispensed the drugs therein mentioned. It was material and proper for the jury to be informed of the method recognized by the medical profession for the treatment of drug addicts, and this method could only have been detailed by men skilled in medicine; otherwise, any physician could dispense the forbidden drugs in any quantity to persons not his patients, and thus defeat the purposes of the act. It seems to us that the instant case is governed by the decision in the case of Melanson v. United States, 256 Fed. 787, 168 C. C. A. 129. The issue being whether the drug was dispensed in the legitimate course of defendant's practice as a physician, the evidence was admissible on that issue. We can therefore see no merit in the objection urged to this ruling of the court.

[5, 6] The only other error assigned is the action of the court in overruling the demurrer to the indictment. The indictment charges that E. W. Reeves, "then and there a physician and a person engaged in dealing in," etc., "did unlawfully, willfully, knowingly, and feloniously sell, barter, and exchange to one V. J. Allin," stating the exceptions contained in the statute, "not in pursuance of a written order of said Allin, on a form issued," etc., "4.8 grains of a certain derivative of opium, to wit, morphine sulphate, which said morphine sulphate was not then and there dispensed or distributed by the said E. W. Reeves as a physician in the course of his professional capacity only," etc.

The Harrison Act prescribes how physicians may dispense opium and its derivatives, and the indictment in this case specifically negatives the method. We fail to see how the charge could be made plainer. The fact that the accused is a physician practicing his profession does not authorize him to sell or dispense opium or its derivatives in any manner other than in the course of his professional practice, or in the ways laid down in the statute. The contention which seems to be relied upon in the demurrer—i. e., that a physician is exempt from the operation of the act—is untenable.

We are therefore of opinion that there is no error in the record, and the conviction will be affirmed.