### ORSATTI v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. February 2, 1925. Rehearing Denied March 9, 1925.)

No. 4289.

**1. Criminal law ⬅⮞37—Conviction not authorized, where accused was entrapped into commission of offense by officers.**

Where law enforcement officers have incited a person to commit the crime charged, and lured him on to its consummation, with the purpose of arresting him in its commission, the law will not authorize a conviction.

**2. Criminal law ⬅⮞37—Repeated solicitation and acceptance of bribes by officer held not to render applicable doctrine of entrapment, where original violation was confessed by defendant and his accomplices.**

Where the first plan to bribe a prohibition enforcement officer, in violation of Criminal Code, § 39 (Comp. St. § 10203), originated with defendant and his accomplices, the fact that the officer subsequently planned, induced, and procured subsequent violations by defendant did not render applicable the law of entrapment as applied to such offenses.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Morris Orsatti was convicted of violating Criminal Code, § 39, prohibiting promises, offers, or gifts of money, or other things of value, to a prohibition enforcement officer, and he brings error. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., and W. I. Gilbert and Robert O'Connor, both of Los Angeles, Cal., for plaintiff in error.

*Certiorari denied 45 S. Ct. 513, 69 L. Ed. —.

Joseph C. Burke, U. S. Atty., and Mark L. Herron, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. The indictment in this case was against the plaintiff in error and one J. R. Johnson. In all it contains 21 counts. Johnson pleaded guilty; and the plaintiff in error not guilty, and was found guilty under all of them.

In substance, the first count alleged that June 5, 1922, Harold H. Dolley was duly appointed by the Commissioner of Internal Revenue an officer of the United States, to wit, as one of his assistants, known and designated as "federal prohibition agent," and thereupon qualifying as such; that on the day mentioned he was stationed as such officer at Los Angeles in the capacity mentioned; and that among the duties imposed upon him by the laws of the United States he was and is required to seek out and arrest persons violating the provisions of the National Prohibition Act, and to procure evidence of such violations, and report the same to the United States attorney at Los Angeles and to the federal prohibition director for the state of California, and to appear in the courts of the United States as a witness concerning such evidence so obtained; that the said Dolley and persons acting under his direction had, prior to June 28, 1922, duly and legally placed under arrest for violation of the provisions of the said Prohibition Act, among others, the following named persons: Tom Guasti, alias Tom Guasti, John Adamoli, alias A. Adamoli, L. Gualleni, C. Dinielli, George Vissio, F. Zapelli, alias F. Zapelli, Mike Berardino, Frank Berardino, Jim Berardino, and Mike Bossio—which persons are subsequently referred to in the indictment as "violators"; that the defendants to the indictment, on or about June 28, 1922, at the city of Los Angeles, did knowingly, unlawfully, and feloniously promise to pay to Dolley, acting as such officer, certain sums of money procured in the manner and in the amount subsequently stated in the indictment from each of the said violators so arrested, against whom Dolley in his said official capacity possessed evidence tending to show a violation of the Prohibition Act, which evidence he (Dolley) would fail to report to the United States attorney at Los Angeles and to the federal prohibition director for California, contrary to his duties, and whom he (Dolley) would release or cause to be released

from custody, or against whom he (Dolley), in his official capacity, contrary to his duties as already stated, would report violations of the said Prohibition Act for which a lesser penalty is provided than is therein provided for such violations thereof, as the evidence then in the possession of the said Dolley in his official capacity tended to prove to have been committed by the said violators, upon the understanding with and intent on the part of the said defendants, in consideration of such promise so made, to influence in the manner stated the said Dolley in his said official capacity. The said sums of money which the said defendants did so knowingly, unlawfully, and feloniously promise as alleged to pay to the said Dolley, acting in his said official capacity, were in amount such sums of lawful money of the United States not less than the sum of $200 and an additional percentage, the exact amount of which is to the grand jurors unknown, of such sums greater than the sum of $400 as they, the said defendants, could procure from each of such violators so arrested, and that the said defendants at all times mentioned knew that the said Dolley was then and there an officer of the government, charged with the official duties stated—all in violation of section 39 of the federal Penal Code (Comp. St. § 10203).

The second count of the indictment made substantially the same allegations against the defendants thereto as are contained in the first count, except it substituted the word "offer" to pay, instead of the word "promise" to pay, used in the first count. Counts 3 and 4 are substantially the same, except that the third alleges that the defendant Orsatti "did promise to pay," and the fourth alleges that he "did pay," certain specified money to the prohibition agent, Dolley, as a bribe to fail to report to the United States attorney all of the evidence he had procured against the alleged violator Zapelli.

The fifth count alleged in effect that the defendant Orsatti "did promise to pay," and the sixth count alleged in effect that he "did pay," certain specified money to the prohibition agent, Dolley, to unlawfully and corruptly procure the dismissal of a case of the government then pending against the alleged violator, Vissio. The remainder of the 21 counts made similar allegations against the defendant Orsatti regarding his alleged unlawful and felonious payments or promises to pay to the prohibition agent, Dolley, for his alleged unlawful acts in regard to cases of the government against the other alleged

violators. It is unnecessary to go into the details of them.

The respective counts, charging as they did separate and distinct offenses (although of a similar nature), necessarily required and received different supporting evidence, which satisfied the jury of the guilt of the plaintiff in error under all of them, notwithstanding they were bound, under the express instructions of the court, to find him not guilty as to any or all of the counts as to which the evidence did not satisfy them of his guilt beyond a reasonable doubt. So far as the merits of the case are concerned, the sufficiency of the evidence to sustain the verdict is not seriously questioned, according to the record, for it appears therefrom that, when his counsel undertook to prove his general reputation in the community in which he lived for veracity and honesty, these proceedings occurred:

"The Court: Well, his honesty and integrity are involved here; I don't know that his truthfulness is involved. You cannot bolster up the character of a defendant as a witness in court, unless it is attacked. I thought your defense here was entrapment.

"Mr. Gilbert: It is.

"The Court: Entrapment is an admission that you did a thing; but that the government should be precluded from prosecuting you for it.

"Mr. Gilbert: Yes; and we have a right to prove this defendant's good character, for the purpose of substantiating that defense.

"The Court: In what respect?

"Mr. Gilbert: That he was entrapped, and would not have done it, except that he had been entrapped."

[1, 2] As said by this court in Peterson v. United States, 255 F. 433, 166 C. C. A. 509: "It is the settled rule in this circuit that, where the officers of the law have incited a person to commit the crime charged, and lured him on to its consummation with the purpose of arresting him in its commission, the law will not authorize a verdict of guilty. Taylor v. United States, 193 F. 968, 113 C. C. A. 543; Woo Wai v. United States, 223 F. 412, 137 C. C. A. 604; Sam Yick et al. v. United States, 240 F. 60, 153 C. C. A. 96." See, also, United States v. Healy (D. C.) 202 F. 349; United States v. Jones (C. C.) 80 F. 513; United States v. Adams (D. C.) 59 F. 674; United States v. Whittier, 28 Fed. Cas. 594 No. 16,688.

In the present case counsel for the plaintiff in error concede that the evidence showed that the intent to attempt to bribe the government officer, Dolley, originated in the

minds of the defendants to the indictment, and that "in so far as the original attempt to bribe was concerned—that is, in so far as the original offer to pay money to Dolley on June 27, 1922, was concerned—the doctrine of entrapment does not apply"; but their contention is that each and every act thereafter performed by the plaintiff in error was planned, induced, and procured by that government agent. The statute upon which the indictment is based is, so far as pertinent, as follows:

"Whoever shall promise, offer, or give, or cause or procure to be promised, offered, or given, any money or other thing of value * * * to any officer of the United States, or to any person acting for or on behalf of the United States in any official function, under or by authority of any department or office of the Government thereof, * * * with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States, or to induce him to do or omit to do any act in violation of his lawful duty," shall be punished in a prescribed way. Section 39 of the Criminal Code.

That Dolley was one of the assistants of the Commissioner of Internal Revenue in the proper enforcement of the Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) is not disputed. And we think it perfectly clear that, under the statute above quoted, whoever either promised, offered, or gave him, or caused or procured to be promised, offered, or given him, any money or other thing of value with intent to influence his decision or action, or to induce him to do or to omit to do any act in violation of his lawful duties in the enforcement of the Prohibition Law, is guilty of a violation of that statute.

To sustain the contention of the plaintiff in error would be to hold, in effect, that any and every act condemned by the statute, shown by the evidence to have been committed by the plaintiff in error, subsequent to his attempted corrupt promise and offer made to the government's prohibition agent June 27, 1922, was not connected with that corrupt undertaking. We cannot so hold.

The sentence imposed by the court below being within the limits prescribed by the statute, the judgment is affirmed.