## NELMS v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit. October 10, 1927.

No. 5127.

Poisons ☞9—Indictment for selling and dispensing drugs in violation of Harrison Anti-Narcotic Act held to charge offense (26 USCA §§ 696, 697).

An indictment *held* to charge the offense of selling and dispensing narcotic drugs, in violation of Harrison Anti-Narcotic Act, § 2 (26 USCA §§ 696, 697 [Comp. St. § 6287h]), where it averred that defendant, a physician registered under the act, knowingly sold and dispensed morphine sulphate to a person named not in pursuance of a written order of such person on the form prescribed, nor in the course of his professional practice only, but through a written order in the form of a prescription signed by him with the intention that it should be used, as it was, to obtain the drug from a druggist.

In Error to the District Court of the United States for the Southern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Milton A. Nelms was convicted of a violation of the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

Frank B. Sharpstein and Everett J. Smith, both of Walla Walla, Wash., for plaintiff in error.

Roy C. Fox, U. S. Atty., and E. J. Farley, Asst. U. S. Atty., both of Spokane, Wash.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

·HUNT, Circuit Judge. Defendant below, plaintiff in error here, was convicted under three counts of an indictment predicated upon a violation of the Harrison Anti-Narcotic Act (Act Dec. 17, 1914, 38 Stat. 785, as amended by Act Feb. 24, 1919, 40 Stat. 1130 [Comp. St. §§ 6287g–6287q]).

One count charged that defendant, being a physician duly registered under the above referred to acts, did knowingly and unlawfully sell, barter, and dispense to one Frances De Marr, alias Louise Fitzpatrick, a derivative of opium, to wit, about 12 quarter grains hypo tablets of morphine sulphate, "not in pursuance to any written order of the said Frances De Marr on a form issued for that purpose by the Commissioner of Internal Revenue of the United States, and not in good faith and in the course of his professional practice only, the said selling, bartering, and dispensing being through a written order of the said Frances De Marr, in the form of a prescription signed by the said defendant, which said prescription called for the delivery to the said Frances De Marr of the amount of drug above prescribed; that the defendant intended that the said Frances De Marr should obtain the drugs from a druggist upon the said orders; that the said Frances De Marr did obtain upon said orders drugs of the amount and kind above described pursuant to said prescription"; that she did not require the administration of morphine by reason of disease, and that defendant did not dispense any of the drugs for the purpose of treating any disease, and that the drug was dispensed by defendant in the form in which such drugs are usually consumed by persons addicted to the habitual use thereof, to satisfy their cravings therefor, and were adapted to such consumption. The second and third counts are in the same form as stated above, except that the dates, quantities, and aliases used by Louise Fitzpatrick are different.

Defendant demurred on the ground that the facts stated did not constitute an offense against the laws of the United States and that the Harrison Anti-Narcotic Act is unconstitutional. Demurrer was overruled, and after trial and conviction defendant was sentenced. He then brought writ of error.

By section 2 of the act cited (26 USCA §§ 696, 697; Comp. St. § 6287h) it is unlawful to sell, barter, exchange, or give away any of the drugs mentioned in the act, except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued by the Commissioner of Internal Revenue.

Nothing contained in the section shall apply to the dispensing or distribution of any of the mentioned drugs to a patient by a physician registered under the act in the course of his professional practice only: Provided, that such physician shall keep a record, with the name of the patient to whom such drugs are dispensed or distributed, except such as may be dispensed or distributed to a patient upon whom such physician shall personally attend. The section is also inapplicable to the sale or distribution by a dealer to a consumer under and in pursuance of a written prescription issued by a registered physician, provided that such prescription issued shall be dated as of the day on which it is signed, and shall be signed by the physician who shall have issued the same.

By section 8 (26 USCA § 700; Comp. St. § 6287n) it is unlawful for any person not registered, and who has not paid the tax provided for by the act, to have in his possession or under his control any of the drugs mentioned: Provided, also, that section 8 shall not apply to any employé of a registered person or to a nurse under the supervision of a registered physician having such possession or control by virtue of his employment, and not on his own account, or to the possession of any of the mentioned drugs which has or have been prescribed in good faith by a registered physician.

By Act of February 24, 1919, c. 18, 40 Stat. 1130, changes were made in the special annual tax to be paid by physicians lawfully entitled to distribute and dispense any of the drugs to patients upon whom they, in the course of their professional practice, are in attendance.

It is contended that the indictment fails to charge a sale or dispensing, or that there was any connection between the defendant and the druggist who dispensed the drugs, or that the recipient was not a patient of the defendant, or that the quantity was such as was usually consumed by addicts.

We think that in their substance the several contentions are unsound, and have been disapproved of by frequent interpretations of the statute. In United States v. Behrman, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619, the indictment, though quite similar to the one under consideration, contained no specific averment that the selling and dispensing of the order in the form of a prescription was not in the course of professional practice only, but did allege that the recipient was an addict, and known by defendant to be an addict. Such an indictment is really less specific

than the one before us, which directly charges that Nelms dispensed, not in the course of professional practice only, and that the recipient did not require the administration of morphine by reason of any disease, and that defendant did not dispense any of the drugs for the purpose of treating disease. The court sustained the pleading, founding its decision upon the general principle that it is enough to charge facts sufficient to show that the person accused is not within the exceptions contained in the statute, and regarding the purpose of the exception that the statute does not apply to the distribution or dispensing by a physician to a patient in the course of professional practice only, as one to confine the distribution of the drugs named in the section to the regular and lawful course of professional practice.

Our view is that the statute does not prevent a registered physician from dispensing the drugs to a patient by prescription strictly in the course of his professional practice, but that if a registered physician issues a prescription for the drugs not in the course of professional practice only, and does so with intent that the recipient shall obtain the narcotic from a druggist upon such prescription, and has not given the prescription in good faith to treat disease from which the patient is suffering, he takes a principal part in a prohibited sale of narcotics, and by so doing violates the law, no matter whether the quantity is great or small, or whether the druggist to whom the prescription is delivered for filling has knowledge of the circumstances under which the physician has given the prescription, or is advised of any relationship that may have existed between the physician who gave the prescription and the recipient of the prescription.

In Jin Fuey Moy v. United States, 254 U. S. 189, 41 S. Ct. 98, 65 L. Ed. 214, the indictment charged a registered physician with issuing and dispensing a prescription for morphine sulphate to one not defendant's patient, and not in the course of defendant's professional practice only. It was argued that selling or giving away the drug and the act of issuing a prescription are so different as to make the allegations repugnant  But the court, though disposed to regard the clause as to issuing the prescription as entering into the description of the offense intended to be charged, held that section 332 of the Criminal Code (18 USCA § 550), which provides that whoever directly commits any act constituting an offense, or aids and abets, counsels, commands, induces or procures its commission, is a principal, when taken with the pertinent

22 F.(2d)—6

clauses of section 2 of the Narcotic Act, made it plain that one might take a principal part in a prohibited sale of opium derivative belonging to another by unlawfully issuing a prescription to the would-be purchaser, and hence that there was no necessary repugnance between the prescribing and the selling.

We hold that the indictment is sufficient, and that it was not necessary to charge the physician as an aider and abetter. In Linder v. United States, 268 U. S. 5, 45 S. Ct. 446, 69 L. Ed. 819, 39 A. L. R. 229, cited by plaintiff in error, the indictment alleged that the person to whom the sale was made was addicted to the habitual use of cocaine, and known by defendant to be so addicted; but there was no allegation questioning the good faith of the doctor or the wisdom of his action according to medical standards, nor was there an allegation that the physician dispensed the drugs otherwise than to a patient in the course of his professional practice or for other medical purposes. Boyd v. United States, 271 U. S. 104, 46 S. Ct. 442, 70 L. Ed. 857, goes no farther than to determine that the mere fact that the quantity of the drug dispensed by a registered physician by a prescription to an addict exceeds what would be required by the patient for any ordinary dose does not constitute a violation of the statute.

The question of the constitutionality of the Narcotic Act is settled by the decisions in Jin Fuey Moy v. United States, supra, United States v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493, and Hooper v. United States (C. C. A.) 16 F.(2d) 868.

Judgment affirmed.