**WALL v. UNITED STATES.**

No. 6578.

Circuit Court of Appeals, Fifth Circuit.

June 27, 1933.

W. B. Dickenson and Thomas Palmer, both of Tampa, Fla., for appellant.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, Charles Wall, George Zarata, Michael Gullo, and two unknown persons, designated as John Doe and Richard Roe, were charged with conspiring to unlawfully purchase, sell, dispense, and distribute morphine and cocaine in violation of the Harrison Narcotic Act and the Tariff Acts. The government obtained a severance as to Gullo and the unknowns. Wall and Zarata were put on trial and convicted. Only Wall has appealed. There are a number of assignments of error running to the refusal of the trial court to charge on the question of entrapment.

There was sufficient evidence tending to show the existence of a conspiracy between Zarata, Gullo, and the two unknown persons to unlawfully deal in narcotics, but there was nothing to connect appellant with this conspiracy, except the following:

A woman known as Isabel Knowles, who was employed as an informer and paid for her services by the government, and one Maurice Helbrandt, a government narcotic agent, went to Tampa, Fla., on January 20, 1928, registered at a hotel as Mr. and Mrs. B. Sims and occupied the same room. The woman had known appellant for a number of years and had lived with him as his mistress, off and on, for four or five years. She was a drug addict. As soon as the couple arrived at Tampa she began telephoning to various places trying to get in touch with appellant, finally succeeded, and induced him to call at her room in the hotel the next day

where she introduced him to Helbrandt as Sims, her new husband, and a drug addict. As a result of this interview, appellant gave her a note to Zarata, which was as follows: "1/21st/28. Geo. This party is O. K. She will explain her business to you. I've told her you could get what she wants. By helping her you will oblige. Yours, etc. Charles W." He also gave her a list of three addresses where Zarata might possibly be found. With this introduction, the couple obtained three ounces of morphine through Zarata on January 21. In regard to this transaction, appellant testified, in substance, that he knew Isabel Knowles had been a drug addict for two or three years and was aware that she was in Tampa and had been trying to get in touch with him; that he had endeavored to avoid a meeting with her, but finally met her accidentally on the street. She told him she was suffering with cramps and pains in her stomach for want of narcotics, and insisted that he help her to get some; that he was afraid she would make a scene on the street and he consented to go to the room; that there, at her further insistence, believing her to be actually suffering and needing relief, he gave her the note to Zarata and the list of addresses; that he thought it was unlawful for a physician to give a hypodermic of morphine to an addict, but also thought that Zarata might put her in touch with some Latin doctor in Ybor City who would do so; that he had never sold any narcotics and had known that she wanted to buy morphine for the purpose of resale he would have had nothing to do with her. This testimony, of course, was denied by Isabel Knowles and Helbrandt, who testified, in substance, that prices were discussed and appellant knew they wanted to buy the morphine for resale.

■ It may be conceded that, if the government agents suspected appellant of unlawfully dealing in narcotics, they were authorized to take steps to purchase a quantity from him, and, although the device employed was exceedingly indecent and beneath the dignity of the United States, the transaction would be sufficient to support the conviction. However, on the other hand, if they took advantage of the sympathy appellant would naturally have for Isabel Knowles because of their former illicit intimate relations and thereby induced appellant to put the agents in touch with Zarata to pander to her craving for morphine, and he was acting solely in the belief that by doing so he would alleviate her suffering, and he was not in any other way interested in the unlawful sale, this would amount to entrapment, and the conviction could not be sustained. Sorrells v. U. S., 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. ——; Hunter v. U. S. (C. C. A.) 62 F.(2d) 217. The defense was available under a plea of not guilty. The question, presented on conflicting evidence, was for the jury, and it was error to refuse to charge on the question of entrapment. As the sustaining of the exceptions running to this error requires a reversal, it is unnecessary to discuss other assignments.

Reversed and remanded.