## RATIGAN v. UNITED STATES.*

### No. 8319.

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1937.

Rehearing Denied March 29, 1937.

*Writ of certiorari denied 57 S.Ct. 938, 81 L.Ed. —.

See, also, (D.C.) 7 F.Supp. 491.

John F. Dore and T. M. Royce, both of Seattle, Wash., and Marshall B. Woodworth, of San Francisco, Cal., for appellant.

J. Charles Dennis, U. S. Atty., and F. A. Pellegrini and Gerald Shucklin, Asst. U. S. Attys., all of Seattle, Wash.

Before MATHEWS and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

The errors complained of may be placed in a group of three: (a) No offense stated in counts I to XII, inclusive; (b) insufficiency of the evidence; (c) entrapment.

The indictment charges that appellant " * * * did feloniously sell morphine * * * by means of hypodermic administration * * * not in the course of the professional practice * * * or in good faith, or for legitimate medical purposes * * * merely for the purpose of gratifying his (purchaser's) craving for the drug * * * not in pursuance of a written order * * * on a form issued in blank for that purpose by the Commissioner of Internal Revenue * * *."

Section 1043, title 26 U.S.C.A., provides: (a) "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in section 1040 (a) except in the original stamp-

ed package. * * * (b) * * * The provisions of subsection (a) shall not apply —(1) * * * To any person having in his * * * possession any of the drugs mentioned in section 1040 (a) which have been obtained * * * in pursuance of a prescription, written for legitimate medical uses issued by a physician; * * * and where the bottle or other container in which such drug may be put up by the dealer upon said prescription bears the name and registry number of the druggist * * * and registry number of the person writing said prescription; or (2) * * * a registered physician * * * in the course of his professional practice, and where said drugs are dispensed or administered to the patient for legitimate medical purposes, and the record kept as required by this subchapter of the drugs so dispensed, administered, distributed, or given away."

Section 1044, title 26 U.S.C.A., provides: (a) "* * * It shall be unlawful for any person to sell * * * any of the drugs mentioned in section 1040 (a) except in pursuance of a written order of the person to whom such article is sold * * * on a form to be issued in blank for that purpose by the Commissioner. * * * (c) * * * nothing contained in this chapter shall apply—(1) * * * To the dispensing * * * of any of the drugs mentioned in section 1040 (a) to a patient by a physician * * * in the course of his professional practice only: Provided, That such physician * * * shall keep a record of all such drugs dispensed * * * showing the amount * * * the date, and the name and address of the patient, * * * except, such as may be dispensed * * * to a patient upon whom such physician * * * personally attend."

Counts I to XII, inclusive, charge sale by direct hypodermic injection at stated times during 1935.

 The essence of "sale" is a transfer of the property in a thing for money. Williston on Sales, § 2 (2d); Stephens Com.(11th Ed.) 2 Bl. 446; 2 Kent, 215; Gardner v. Lane, 12 Allen (Mass.) 39, 43; Madison Ave. Baptist Church v. Baptist Church in Oliver St., 46 N.Y. 131; State v. Wentworth, 35 N.H. 442, 443; Williamson v. Berry, 8 How.(49 U.S.) 495, 12 L.Ed. 1170. Sale must have (a) competent parties; (b) mutual assent; (c) property which is transferred; (d) consideration in money paid, or to be paid. Butler v. Thomson, 92 U.S. 412–414, 23 L.Ed. 684.

██ That the narcotic sold (administered) is property cannot be questioned, and it is "no matter whether the quantity is great or small." Nelms v. U. S. (C.C.A.9) 22 F.(2d) 79, at page 81, certiorari denied 276 U.S. 615, 48 S.Ct. 207, 72 L.Ed. 732. The delivery or transfer of the narcotic by the defendant hypodermically to the buyer, and paying for this hypodermic injection by the defendant is not challenged. This transaction had all the component parts of a sale. That the drug was not delivered in a stamped package cannot be controverted; that it was sold not in pursuance of a written order on a blank form provided for that purpose by the Commissioner of Internal Revenue from the purchaser is confessed by the demurrer, and established by evidence on trial.

█ The charge is obviously sufficient materially to imperil the ordinary collection of revenue from sales, and does charge an offense. Nigro v. U. S., 276 U.S. 332, at page 341, 48 S.Ct. 388, 390, 72 L.Ed. 600. As said by the Supreme Court in this case, levy and collection of revenue is exceedingly difficult by reason of concealment in small packages, cunning, deceit, and secret operation in the purchase and disposition, and the high price it commands. Efficient provision must be provided to disclose the tax evasion. It is obvious that the charge in the indictment is directly related to collection of the tax, Nigro v. U. S., supra, 276 U.S. 332, at page 346, 48 S. Ct. 388, 392, 72 L.Ed. 600, and the sale of the drug from anything but the stamped container, or unless made on a prescribed form order from the purchaser, bears a reasonable relation to the enforcement of the tax as provided by section 1, act supra, and is within the powers of the Congress, Nigro v. U. S., supra, 276 U. S. 332, at page 353, 48 S.Ct. 388, 394, 72 L.Ed. 600. The primary motive of the act is for revenue and the incidental motive of good morals is lost.

█ There is no analogy in State v. Jones, 114 Wash. 144, 194 P. 585, where the charge was possession of intoxicating liquor. The purpose of the law there at issue, as stated by the court, was to forbid the manufacture, distribution, and sale of intoxicating liquor. Initiative Measure No. 3, Laws 1917, p. 46, c. 19. The amendatory act (Laws 1917, p. 60, § 11) exempts clergyman, priest, rabbi, actually engaged

in ministering to a religious congregation. And section 12 of the amendatory act provides "in any prosecution for the violation of any provision of this act, it shall be competent to prove that any person * * * [except as provided in section 11] had in his possession any intoxicating liquor * * * such possession * * * shall be prima facie evidence that said liquor was so held and kept for the purposes of unlawful sale." Obviously the law requires possession for commercial purposes, and excludes tippling. A sale is complete when the drug is delivered whether hypodermically into the human system by request of the buyer, or delivered elsewhere on his direction and does not need to be personally handled by the buyer. (Compare cases in margin cited by Appellee).[1]

The indictment in this case and the decision, Nigro v. U. S., 276 U.S. 332, 48 S. Ct. 388, 72 L.Ed. 600, and statements herein clearly distinguish all cases cited by the Appellant. See cases in margin.[2]

■ The allegation that the sales charged in the indictment were made "not in the course of the professional practice of [appellant], or in good faith, or for legitimate medical purposes, he, the [purchaser] being free from any disease in which morphine is indicated for legitimate medical purposes, and receiving same, as aforesaid, from [appellant] merely for the purpose of gratifying his craving for the drug," sufficiently negatives the exception contained in subsection (c) (1) of section 1044, supra. Nelms v. United States, supra; Du Vall v. United States (C.C.A.9) 82 F.(2d) 382; Mauk v. United States (C.C.A.9) 88 F.(2d) 557, decided February 15, 1937.

■ As to group (b) of the assigned errors, it is conceded that if there is any substantial evidence, the verdict of the jury is final on the facts. The testimony is highly controversial. The testimony of Guy Sowers and Thelma Sowers upon the charge in counts 1, 2, 3, 4, 5, 6, 7, and 8, and Morey upon counts 9, 10, 11, 12, and 13 was supported by fifteen other witnesses, three of whom were physicians, and admissions of the defendant. An examination of the record shows the evidence to be substantial, and it did convince the jury, after a fair submission of the dispute, beyond a reasonable doubt.

■ As to group (c) of the assigned errors, there is no entrapment in this case. The defendant was not led into a situation where he committed the act on motive or purpose of innocence on his part, or by promise of "stool pigeons" by display of purported authority that the defendant would not be prosecuted, or upon such display of authority that the sale was no offense; all that was done by the stool pigeons was presenting themselves to the defendant and soliciting the drug. There was no decoy solicitation, or conduct. What the defendant did was his free voluntary act. The "stool pigeons" merely placed themselves in the way and afforded

---

[1] Boyd v. U. S., 271 U.S. 104, 46 S.Ct. 442, 70 L.Ed. 857; Burnstein v. U. S. (C.C.A.) 55 F.(2d) 599; Hughes v. U. S., 253 F. 543 (C.C.A. 8); Jin Fuey Moy v. U. S., 254 U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214; Linder v. U. S., 268 U.S. 5, 45 S.Ct. 446, 69 L.Ed. 819, 39 A.L.R. 229; Nelms v. U. S. (C.C.A.) 22 F.(2d) 79, certiorari denied 276 U.S. 615, 48 S.Ct. 207, 72 L.Ed. 732; Nigro v. U. S., 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600; Orsatti v. U. S. (C.C.A.) 3 F.(2d) 778; Peterson v. U. S. (C.C.A.) 255 F. 433; Reeves v. U. S., 263 F. 690 (C.C. A. 5); Saunders v. U. S., 260 F. 386 (C.C.A. 6); Sorrells v. U. S., 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A. L.R. 249; State v. Grays Harbor Commercial Co., 124 Wash. 227, 214 P. 13; State v. Jones, 114 Wash. 144, 194 P. 585; Strader v. U. S. (C.C.A.) 72 F. (2d) 589; U. S. v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; U. S. v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619; U. S. v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493; Webb v. U. S., 249 U.S. 96, 39 S.Ct. 217, 63 L.Ed. 497; Yep v. U. S. (C.C.A.) 83 F. (2d) 41.

[2] Butts v. United States (C.C.A.) 273 F. 35, 18 A.L.R. 143; Casey v. United States, 276 U.S. 413, 423, 48 S.Ct. 373, 375, 72 L.Ed. 632; Harrison Narcotic Act, § 696; Hunter v. United States (C. C.A. 5) 62 F.(2d) 217; Linder v. United States, 268 U.S. 5, 45 S.Ct. 446, 69 L.Ed. 819, 39 A.L.R. 229; Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249; State v. Jones, 114 Wash. 144, 194 P. 585; Strader v. United States (C.C.A.) 72 F. (2d) 589; United States v. Echols (D.C.) 253 F. 862; United States v. Healy (D. C.) 202 F. 349; United States v. Wray (D.C.) 8 F.(2d) 429, 430; Voves v. United States (C.C.A.) 249 F. 191; Wall v. United States (C.C.A.) 65 F.(2d) 993; Woo Wai v. United States (C.C.A.) 223 F. 412.

opportunity to purchase the drug. The defendant admitted administering the drug to an average of 88 to 100 treatments daily, averaging approximately 4 grains, more or less, each. He paid for the drug 3½ cents to 4 cents a grain, and charged $1 a treatment. During the year 1935, he therefore administered approximately 125,000 grains. The defendant admitted purchasing during 1935, 194,000 one-half grains or 97,000 grains of the drug, and thus administered 29,720 grains not purchased on order blanks.

Affirmed.