**YOUNG v. UNITED STATES.**

**No. 9436.**

Circuit Court of Appeals, Ninth Circuit.

March 17, 1941.

Rehearing Denied April 21, 1941.

Joseph V. Esposito and Hiram L. Fong, both of Honolulu, T. H., for appellant.

Ingram M. Stainback, U. S. Atty., and Angus M. Taylor, Jr., Asst. U. S. Atty., both of Honolulu, T. H., and Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant, to whom we shall hereinafter refer as defendant, was convicted of violation of the Harrison Anti-Narcotic Act, U. S. Internal Revenue Code, §§ 2551 and 2557, 26 U.S.C.A. Int.Rev.Code, §§ 2551, 2557, formerly 26 U.S.C.A. § 1041 and 1047. The indictment contained ten counts, two of which were dismissed upon motion of the defendant. The jury brought in a verdict of guilty upon each of the remaining eight counts, and the present appeal is from the judgment rendered in pursuance of said verdict.

The counts of the indictment are substantially the same, the only difference being that they charge dispensation of different amounts and kinds of drugs. All drugs alleged to have been dispensed contain opium, but less than two grains per fluid ounce Count III charges that the defendant, "a physician who had duly registered and paid his special tax, as required by law, and who is entitled as a physician to sell, distribute, dispense and give away preparations and remedies which do not contain more than two grains of opium in one fluid ounce in the course of his professional practice, provided that he keeps a record of all sales, exchanges and gifts of such preparations and remedies for a period of two years in such a way as to be readily accessible to inspec-

tion by any officer, agent or employee of the Treasury Department duly authorized for that purpose; that said defendant, from August 26, 1937, to July 21, 1939, at Honolulu, City and County of Honolulu, Territory of Hawaii, and within the jurisdiction of this Court, did sell, distribute, dispense and give away seventy-two (72) gallons and four (4) pints of a preparation and remedy which did not contain more that two grains of opium in one fluid ounce, to-wit: paregoric, and that said defendant did knowingly, willfully, unlawfully and feloniously fail to keep a record of the sales, exchanges and gifts of said amount of such paregoric which had been sold, distributed, dispensed and given away by said defendant during the period aforesaid so that such record was readily accessible to inspection by any officer, agent or employee of the Treasury Department duly authorized for that purpose; contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

Twenty-nine alleged errors are assigned by defendant, which fall into two general groups. The first group relate to the sufficiency of the indictment and the evidence presented in support thereof, and the second group relate to the Court's charges to the jury.

Defendant urges that failure of a physician to keep a record of his dispensation of non-taxable preparations is not a crime against the United States. We quote from his opening brief: "* · * * such failure * * * is * * * but a violation of condition precedents of the Statutory provisions, the fulfilment and compliance of which conditions precedent would render said exempt narcotics non-taxable, and therefore exempt, *that the mere failure to comply with the conditions precedent, as alleged in all the counts of the Indictment destroys the privilege or exemption of taxation and subjects said exempt drugs to the tax of said Act as provided in Section 1 of the Act,* and that the said exempt drugs become taxable in the same respect as the heroic or true narcotics, because the defendant merely failed to keep written records of the dispensations of said exempt drugs." [Italics the defendant's.]

For a clear understanding of defendant's position we summarize or quote the applicable sections of the Act [section numbers refer to U. S. Internal Revenue Code] :[1]

Section 2550 provides for a tax on designated narcotics sold in the United States.

Section 2551 is entitled "Exemptions", and provides "The provisions of this subchapter * * * shall not be construed to apply to the manufacture, sale, distribution, giving away, dispensing, or possession of preparations and remedies which do not contain more than two grains of opium * * * in one fluid ounce * * : Provided, That such remedies and preparations are manufactured, sold, distributed, given away, dispensed, or possessed as medicines and not for the purpose of evading the intentions and provisions of this subchapter * * * : Provided, further, That any manufacturer, producer, compounder, or vendor (including dispensing physicians) of the preparations and remedies mentioned in this section lawfully entitled to manufacture, produce, compound, or vend such preparations and remedies, shall keep a record of all sales, exchanges, or gifts of such preparations and remedies in such manner as the Secretary shall direct. Such record shall be preserved for a period of two years in such a way as to be readily accessible to inspection * * *, and every such person so possessing or disposing of such preparations and remedies shall register * * *."

Other exemptions are contained in section 2551, which are not material to the case before us.

Section 2553 provides in subsection (a) that it shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in section 2550(a) except in the original stamped package or from the original stamped package. Subsection (b) of section 2553 contains an exception in the case of registered practitioners, and reads, so far as here applicable: "The provisions of subsection (a) shall not apply * * * (2) To the dispensing, or administration, or giving away of any of the aforesaid drugs to a patient by a registered physician, dentist, veterinary surgeon, or other practitioner in the course of his professional practice, and where said drugs

---

[1] For convenience all of our quotations herein are from the new United States Internal Revenue Code, instead of from U. S.C.A. Title 26 as it existed at the time of the alleged commission of the acts. The changes in the wording of the sections are immaterial to the issues of the instant case.

are dispensed or administered to the patient for legitimate medical purposes, and the record kept as required by this subchapter of the drugs so dispensed, administered, distributed, or given away."

Section 2554 provides that it is unlawful to sell, exchange or give away any of the drugs mentioned in section 2550(a) except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged or given, on a form issued in blank for that purpose by the Secretary.

Subsection (c) of section 2554 contains exceptions, and reads: "Nothing contained in this section, section 2563, or section 2564 shall apply—(1) To the dispensing or distribution of any of the drugs mentioned in section 2550(a) to a patient by a physician, dentist, or veterinary surgeon registered under section 3221 in the course of his professional practice only: Provided, that such physician, dentist, or veterinary surgeon shall keep a record of all such drugs dispensed or distributed, showing the amount dispensed or distributed, the date, and the name and address of the patient to whom such drugs are dispensed or distributed, except such as may be dispensed or distributed to a patient upon whom such physician, dentist, or veterinary surgeon shall personally attend; and such record shall be kept for a period of two years from the date of dispensing or distributing such drugs, subject to inspection, as provided in section 2556."

Section 2555 contains a general requirement that every person liable to any tax imposed by the Act shall keep such records, render under oath such statements, make such returns, and comply with such rules and regulations, as the Secretary may from time to time prescribe.

Section 2557 provides that any person who violates or fails to comply with any of the requirements of the Act shall, upon conviction, be fined or imprisoned, or both.

Defendant's argument runs somewhat as follows: Section 2551 provides for exemptions from the application of the taxing act, but contains conditions precedent to obtaining that exemption. That the keeping of records is a mere condition precedent, hence failure to keep records merely subjects one selling otherwise exempt narcotics to the main provisions of the Act. From here he argues that the main provisions of the Act grant a physician the privilege of dispensing narcotics if said dispensa-

tion is in good faith or in the course of his professional practice only, and that a physician so dispensing narcotics to a patient upon whom he shall personally attend need not keep a record of the drugs dispensed. The argument then follows that since the indictment did not negative these exemptions it is fatally defective.

We pass without deciding the question of whether the indictment would be fatally defective for failure to negative exemptions if defendant's premise as to the construction of the statute were correct [but see Stetson v. United States, 6 Cir., 1919, 257 F. 689, and Walker v. United States, 8 Cir., 1935, 79 F.2d 269, 270], for we are of the opinion and hold that defendant's first premise is incorrect, and with it falls his entire argument.

█ It is clear from an analysis of the entire Act that Congress did not intend the requirement of keeping records set forth in section 2551 as a mere condition precedent to exemption from the remaining terms of the Statute.

For convenience we shall refer to the narcotics described in section 2551 as "exempt preparations".

First, it is provided that these "exempt preparations" do not fall within the provisions of the Act "Provided, That such remedies and preparations *are manufactured, sold* * * * as medicines and not for the purpose of evading the intentions and provisions" of the Act. This is clearly by its very wording a condition precedent. In order to be exempt even though they contain a limited amount of narcotics, they must be sold, etc. as medicines only. Then comes the provision relied on by the defendant, couched in entirely different language, "Provided, further, that any * * vendor (including dispensing physicians) of the preparations and remedies mentioned in this section * * * *shall keep* a record of all sales". We hold that this is an affirmative requirement that all vendors of "exempt preparations", including dispensing physicians, must keep the record referred to.

█ Furthermore, section 2555 contains an affirmative requirement that all persons liable to any tax imposed by the Act shall keep records prescribed by the Secretary. If, as defendant argues, failure to keep the records prescribed in section 2551 merely subjects him to taxation and the main pro-

visions of the Act, then he is subject to section 2555.

Section 151.2 of the Treasury Department Regulations issued under the Harrison Anti-Narcotic Act defines "exempt preparations" to mean remedies which do not contain more than two grains of opium in one fluid ounce [other "exempt preparations" defined are immaterial to the cause before us].

Section 151.185 provides: "Every manufacturer, producer, compounder or vendor (including dispensing physicians), of exempt preparations shall record all sales, exchanges, gifts, or other dispositions, the entries to be made at the time of delivery. Separate records shall be kept of dispositions to registrants and of disposition to consumers. * * * The record of dispositions to consumers shall show the name of the recipient, his address, the name and quantity of the preparation, and the date of delivery * * *".

■ Since the indictment charged that the defendant dispensed and sold the described exempt preparations and that he failed to keep a record of his dispensations, we hold that there was no insufficiency therein.

All of the defendant's arguments as to the insufficiency of the evidence to sustain the conviction, and nearly all of defendant's second group of alleged errors, are premised upon the assumption that a registered physician has a right and privilege to dispense any and all narcotics as medicines in good faith to a patient upon whom such physician shall personally attend, without the necessity of keeping a record thereof. Our ruling above that there is no such privilege as to exempt preparations disposes of these assignments of error.

■ Error is assigned in the Court's instructing the jury that "ignorance of the law is no excuse". It is urged that there was no evidence presented to support the instruction and that it was hence prejudicial to the rights of the defendant. We do not agree. Defendant maintained at the trial that it was not necessary for him, a registered physician, to keep a record of dispensations of exempt drugs to patients upon whom he was in personal attendance. In this circumstance it was proper for the Court to charge the jury that the defendant's mistake as to the necessity of keeping records was no excuse for the omission.

The Court instructed the jury on the law of circumstantial evidence, and this is assigned as error. It is urged that there was no circumstantial evidence in the case and hence no necessity to give any instruction in this respect. The law was properly stated, and while this instruction was perhaps unnecessary, there was no possible prejudice to the defendant resulting therefrom.

■ The defendant at the trial requested that the Court instruct the jury that in a criminal case the burden of proof never shifts to the defendant and remains upon the United States throughout the case to prove the guilt of the defendant; and that each juror must be satisfied beyond a reasonable doubt that the defendant is guilty as charged before he can consent to a verdict of conviction. The refusal to give the requested instructions is assigned as error.

We hold that there was no error here for the reason that the Court adequately instructed the jury in this regard. The instruction given adhered closely to standard approved instructions upon the subject matter treated and need not be here recited. The defendant cannot complain that the Court refused to duplicate instructions in slightly different terminology.

■ Defendant finally urges that to give the Act and Regulations the interpretation to require a physician to keep records of his dispensations of exempt drugs in good faith to patients upon whom he is in personal attendance, would render the Act unconstitutional as an attempt by the Federal Government to regulate the practice of medicine.

We need not dwell at length upon this contention of the defendant, as this Court has previously upheld the constitutionality of the Harrison Narcotic Act against a similar attack. Mauk v. United States, 9 Cir., 88 F.2d 557, and Ratigan v. United States, 9 Cir., 88 F.2d 919.

The judgment of conviction is affirmed.