[No. 16031. Department Two. January 14, 1921.]

THE STATE OF WASHINGTON, *Respondent* v. BENNY JONES, *Appellant.*[1]

INTOXICATING LIQUORS (30) — OFFENSES — ILLEGAL POSSESSION— ELEMENTS OF OFFENSE. One who partakes of a friend's hospitality by accepting and drinking a glass of liquor is not guilty of "illegal possession," in view of Laws 1917, p. 61, § 12, providing that a layman's possession of intoxicating liquor other than alcohol shall be prima facie evidence that the liquor was kept for the purpose of unlawful sale or disposition, and Id., p. 60, § 11, making such possession unlawful and defining "jointist" and "bootlegger," it being the intention that "possession" should be of such quantities or under such conditions as would make it available for unlawful transportation or sale.

Appeal from the judgment of the superior court for Snohomish county, Alston, J., entered March 30, 1920, upon a trial and conviction of the unlawful possession of intoxicating liquor. Reversed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.

*Thos. A. Stiger* and *Q. A. Kaune,* for respondent.

TOLMAN, J.—Appellant was convicted of the crime of having in his possession intoxicating liquor other than alcohol, and sentenced to imprisonment in the county jail for a period of thirty days. Bringing the case here on appeal, he seeks a reversal because of certain instructions given to the jury by the trial court.

The case was submitted to the jury shortly after 2 o'clock p. m. of the day of trial, and not having reached a verdict at 9:50 a. m. of the following day, by direction of the trial judge, the jury was brought into open court and the record shows the following proceedings:

[1]Reported in 194 Pac. 585.

"The Court: Ladies and gentlemen of the jury, have you been able to agree upon a verdict?

"The Foreman: We have not.

"The Court: Do you think there is any probability of agreeing?

"Responses: I do not. It don't look that way to me. No, sir.

"The Court: Is there any question in your mind about the law in the case?

"The Foreman: I don't know whether there is a question—There are two in the minority. I don't know what is in their minds. A reasonable doubt, I suppose, and the correctness of the other ten.

"Mr. Kaune: If the court please, I move at this time that the jury be further, and a little more elaborately instructed upon the question of what constitutes a sufficient possession to find the defendant guilty in this case; that is to say, what possession would be sufficient for them to find a defendant guilty upon a charge of this character.

"The Foreman: I think that would be a good thing.

"The Court: Ladies and gentlemen of the jury, there is just one question in this case for you to decide. You have nothing to do with the penalty that may be imposed. The legislature of the state makes the law and it is up to the rest of us to determine whether or not that law shall be enforced. Now, you are instructed, as a matter of law, if you believe beyond a reasonable doubt that anybody brought to the home of this defendant a bottle of whiskey and that the defendant, in company with the remainder of those present, sat down and drank that whiskey—took a glass of whiskey and drank it—he was guilty of a violation of this law and it is your duty to find him guilty. If you do not believe that he took a glass of whiskey in his hand and drank it, then I say that you should find him not guilty.

"The word 'possession' has a well-defined meaning, and it is this: I have in my possession a spectacle case; if I pick up a glass containing whiskey I have

in my possession whiskey. That is all there is to this case. The jury may retire.

"Mr. Dailey: Just a minute, Your Honor. The defendant asks that the court instruct the jury that possession constitutes the control of as well as ownership as contemplated in the law.

"The Court: I will instruct you that if the defendant had in his possession a glass of whiskey with power to drink it and he did drink it, that he had absolute possession of it and is guilty of a violation of this law.

"Mr. Dailey: Give me an exception.

"The Court: Yes, sir, I will grant you an exception. [The jury retires.]

"Mr. Dailey: We take an exception to the instruction of the court and to his instructing the jury orally at the request of the prosecuting attorney without any request from the jury for further instruction."

Within a few minutes after receiving this additional instruction, the jury returned a verdict of "guilty as charged."

Passing the statement by the court to the effect that the legislature makes the law and that it is the duty of the rest of us to determine whether or not that law shall be enforced, because the court's attention was not called to its impropriety by a proper objection, still we cannot agree with the construction given to the statute by these instructions. The whole purpose of Initiative Measure No. 3, and Laws of 1917, p. 46, ch. 19, amendatory thereof, is to forbid the manufacture, transportation and sale of intoxicating liquors, and a careful consideration of both measures fails to reveal any attempt upon the part of the law-making body to make it unlawful to purchase or drink such liquor. Section 11 of the act of 1917, p. 60, adds a new section to the original act to be known as "Section 17h," which reads:

"It shall be unlawful for any person other than a regularly ordained clergyman, priest or rabbi actual-

ly engaged in ministering to a religious congregation, to receive from any common carrier or person engaged in the business of transporting goods, wares and merchandise, any intoxicating liquor other than alcohol and it shall be unlawful for any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol.

"Any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and hereby is defined to be a 'jointist.' Any person who carries about with him intoxicating liquor for the purpose of unlawful sale of the same be and hereby is defined to be a 'bootlegger.' Any person convicted of being either a 'jointist' or 'bootlegger' as herein defined shall be deemed guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years.

"A violation of any of the provisions of this section shall constitute a separate, substantive offense irrespective of any other provisions of this act."

And § 12 of the amendatory act immediately following the section just quoted, amends § 23 of the original act, to read:

"In any prosecution for the violation of any provision of this act, it shall be competent to prove that any person, other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, had in his possession any intoxicating liquor other than alcohol, and such possession and proof thereof shall be *prima facie* evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition." (Laws of 1917, p. 61, § 12.)

Taking these two sections together, in the absence of anything else upon the subject of the mere possession alone, leads to the conclusion that the legislature had in mind only the possession of liquor in such quan-

tities and under such conditions as would make it available for unlawful transportation or sale, and did not intend to make a criminal of every person who might partake of a friend's hospitality. Moreover, since the state here stands upon a technical construction of the word "possession," we may say that possession, as the word is used in the statute, means something more than the mere taking in the hand for the purpose of immediately drinking the thing thus possessed upon the express invitation of the owner so to do.

Appellant's counsel suggested the correct idea in his objection, and the court should at least have defined possession as including control of the thing possessed with the right to dispose of it in any manner the possessor saw fit. As we understand the laws of hospitality, when one is offered a glass of liquor, he has a right to accept and drink it or refuse it, and his possession, if he accepts it, is not broader than the invitation upon which he acts.

The judgment of the trial court is reversed.

HOLCOMB, MOUNT, and MITCHELL, JJ., concur.