[No. 21003. Department One. April 9, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. MAUDE BOSTOCK *et al.*, *Appellants*.[1]

[1] INTOXICATING LIQUORS (30, 51)—OFFENSES—ILLEGAL POSSESSION —INSTRUCTIONS. It is prejudicial error, in a prosecution for unlawful possession of liquor, to refuse to give an instruction to the effect that "possession" means something more than the mere taking in the hand for immediately drinking the thing possessed in partaking of a friend's hospitality, where there was evidence from which the jury could have found that the defendants did no more than that.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered February 5, 1927, upon a trial and conviction of the unlawful possession of intoxicating liquor. Reversed.

*Henry Clay Agnew* and *W. E. Barnhart*, for appellants.

*C. T. Roscoe* and *Charles R. Denney*, for respondent.

PARKER, J.—The defendants Maude and Ed Bostock, with Fred Hanson, were, by information filed in the superior court for Snohomish county, jointly charged with the misdemeanor of unlawfully having in their possession intoxicating liquor, in that

"They, the said Maude Bostock, Ed Bostock and Fred Hanson, in Snohomish county, state of Washington, on or about the 24th day of November, 1926, did wilfully and unlawfully have in their possession a quantity of intoxicating liquor other than alcohol, to-wit: about one (1) quart of beer, about one-half (½) gallon of wine and about one fourth (¼) gallon of moonshine whiskey, . . . ."

¹Reported in 266 Pac. 173.

Hanson pleaded guilty. Maude and Ed Bostock were jointly tried in the superior court, sitting with a jury, and by the jury both found guilty, upon which judgments of fine and jail sentence were rendered against each of them, from which each has appealed to this court.

[1] The principal contention here made in behalf of appellants is, that the trial court erred to their prejudice in refusing to give to the jury their requested instruction, as follows:

"You are further instructed that the term 'possession' as herein used means something more than the mere taking in the hand for the purpose of immediately drinking the thing thus possessed upon the express invitation of the owner so to do."

The trial court refused to give to the jury this instruction, and we do not find in the instruction given by the court any language suggesting this to be the law. Our decision in *State v. Jones,* 114 Wash. 144, 194 Pac. 585, clearly holds the law of unlawful possession of intoxicating liquor to be in substance as stated in this requested instruction. In that decision, referring to the Laws of 1917, ch. 19, pp. 60, 61, now embodied in Rem. Comp. Stat., §§ 7328, 7329 [P. C. §§ 3179h, 3185], relating to unlawful possession of intoxicating liquor, Judge Tolman, speaking for the court, said:

"Taking these two sections together, in the absence of anything else upon the subject of the mere possession alone, leads to the conclusion that the legislature had in mind only the possession of liquor in such quantities and under such conditions as would make it available for unlawful transportation or sale, and did not intend to make a criminal of every person who might partake of a friend's hospitality. Moreover, since the state here stands upon a technical construction of the word 'possession,' we may say that possession, as the word is used in the statute, means some-

thing more than the mere taking in the hand for the purpose of immediately drinking the thing thus possessed upon the express invitation of the owner so to do.''

Our problem then is, was the evidence such as to call for this requested instruction. It is true that the evidence was sufficient to warrant the jury finding appellants guilty, in that there was evidence warranting them to believe that appellants had in their possession, that is, under their control in their house, or on their premises, intoxicating liquor in quantity and quality as charged; that is, in such quantity and quality as to make it available to them for their unlawful disposition. However, their co-defendant Hanson testified that all the liquor belonged to him, and that he served them drinks from it only as a matter of hospitality. They each testified, in substance, that they did not own the liquor, but only partook of it, upon its being served to them by Hanson to immediately drink on some few occasions. The jury, of course, might not believe this, and might have believed their possession of it was of an unlawful character; but, nevertheless, the jury might have believed that they possessed the liquor only in the sense of accepting, on a few occasions, drinks of it served by Hanson to be immediately drunk by them. The fact that the jury might have believed their possession of the liquor to be of this limited character, was, we think, enough to give them the right to have the jury instructed as requested in the above quoted instruction. The jury might then have found both of them not guilty of unlawful possession of the liquor. It seems plain to us that the failure of the court to so instruct the jury, as requested, must be considered as prejudicial to their rights in the trial of the case. We do not see in the record any other error that is likely to arise upon a new trial.

The judgment is reversed, and appellants awarded a new trial, and the cause is remanded to the superior court for such further proceedings as are not inconsistent with this decision.

TOLMAN, FRENCH, and MITCHELL, JJ., concur.