[No. 22826.   Department Two.   June 24, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND D. PHILLIPS, *Appellant*.[1]

*John C. Richards* and *Earl W. Husted,* for appellant.

*Charles R. Denney,* for respondent.

MILLARD, J.—The defendant was found guilty by the verdict of a jury of the crime of unlawful possession of intoxicating liquor with intent to sell the same. From the judgment and sentence pronounced against him on the verdict, the defendant appeals.

Contending that his arrest at the Miller residence was unlawful, and therefore the subsequent search and seizure were unlawful, appellant insists that the court erred in denying his motion to suppress the evidence, consisting of fifteen gallons of moonshine whiskey seized by the officers of the dry squad without a search warrant, and in admitting the seized liquor in evidence upon the trial.

On April 4, 1930, two Federal prohibition agents, who had on two prior occasions purchased intoxicating

[1]Reported in 300 Pac. 521.

liquor at the Ervin Miller residence in the city of Everett, endeavored to buy some liquor from Miller. The agents were informed by Miller that he did not have the money with which to make the purchase, whereupon the Federal officers paid thirty-two dollars to Miller, who told the officers the whiskey would be delivered at his home at eleven o'clock that night. This information was at once communicated by the Federal agents to the chief of the police department of Everett. About nine o'clock that evening, the chief of police and two other city policemen, with a search warrant, entered the residence of Miller, but did not find any intoxicants.

Pursuant to the instructions of their chief, the two policemen remained within the Miller house to await the delivery of the liquor ordered by the two Federal agents. About eleven p. m., the appellant knocked on the door of Miller's residence. Miller was not permitted by the officers to answer. One of the officers opened the door. Standing at the entrance was the appellant, to whom Miller immediately said, "They're raiding." The appellant came into the house in obedience to the command of the officers and was by them placed under arrest.

When the appellant noticed one of the officers proceeding from the house towards a Ford roadster, parked in front of the house, the appellant shouted to the officer, "Turn off the motor." The door of the roadster was open, and exposed to view in the seat were two large cartons which were similar to those in which the officer had on like numerous occasions found intoxicating liquor. In complying with appellant's request to "turn off the motor," the officer reached over to turn off the ignition. At that time he saw that each carton contained a five-gallon bottle in which was an amber colored liquid resembling moon-

shine whiskey. The officer also testified that the cartons were warm, indicating that the whiskey had been recently "aged". In the back of the roadster a five-gallon jug of moonshine was found.

Though the officers had no warrant for appellant's arrest or one authorizing the search of his automobile, the liquor was properly admitted in evidence; it clearly appearing that the arrest of appellant was lawful and that the liquor was not unlawfully seized.

The officers were definitely informed that a delivery of liquor would be made the night in question at the Miller residence, a place where liquor had previously been purchased by the Federal prohibition agents. The information was from a reliable source. The delivery was attempted at the very hour and at the very place that reliable informants advised the city police department delivery would be made. When the appellant endeavored to effect delivery, he was, immediately upon his arrival, warned by Miller, his middleman or agent, that "They're raiding." The officers instantly arrested the appellant, who, by the prompt action of the former, was prevented from making his escape in his automobile, the engine of which was left running probably for the purpose of affording a means of escape if the appellant were surprised while delivering the moonshine.

The officers were justified in arresting appellant without a warrant. They had reasonable grounds to believe that appellant was in the act of committing the offense of unlawfully possessing intoxicating liquor with intent to sell the same. The arrest of appellant being lawful, it follows that the search and seizure were also lawful. *State v. Zupan*, 155 Wash. 80, 283 Pac. 671.

The judgment is affirmed.

TOLMAN, C. J., BEELER, and BEALS, JJ., concur.