ALEXANDER GEORGE McCARTHY, III, a/k/a
DAVE ALEX v. STATE OF MARYLAND

[No. 2, September Term, 1967.]

*Decided November 13, 1967.*

The cause was argued before MURPHY, C. J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Gerald Siegel,* with whom was *Philip D. Quint* on the brief,
for appellant.

*Anthony M. Carey, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General, Samuel A. Green,
Jr., State's Attorney for Baltimore County,* and *A. Gordon*

*Boone, Jr., Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, Alexander George McCarthy, III, was convicted by the court, sitting without a jury, in the Circuit Court for Baltimore County, under two separate indictments charging him with attempted storehouse breaking and being a rogue and vagabond and was sentenced to three years in the Maryland Penitentiary on each indictment, sentences to run concurrently.

On September 15, 1966, a witness, Robert J. Shepherd, had gone to bed. At approximately 12:55 a.m., he heard something banging, and from his bedroom window observed two men standing in front of the Dulaney Apothecary. Shepherd's house is located across the street from the Apothecary, which was slightly illuminated on the night in question. One of the men was wearing a light trench coat, and Shepherd saw him banging on the door of the drugstore. He also observed one of the men was wearing khaki pants. After calling the police, he noted the men driving off in an automobile which had small round taillights.

Officer O'Neill of the Baltimore County Police responded to the call. Upon arrival at 12:59 a.m. on the morning in question, he observed pry marks on the doorjamb and part of the door itself. The door was on the south side of the drugstore. He also observed blue paint on the white door, apparently left by a pry bar which appeared to have been a tool about an inch in width. A portion of a metallic coat button was found lying on the cement door step. The officer was also informed by Shepherd of his observations.

Later that morning, while on routine patrol in Timonium on York Road at Northwood Drive, he observed a late model dark colored automobile proceeding north on York Road occupied by three persons. When the officer first observed the automobile it was in front of the Dulaney Apothecary. The time was 3:30 a.m. and it was the only car on the road.

The officer, who was proceeding south, turned his automobile around and followed the car to a nearby intersection and stopped it about a quarter of a mile from that point. After ask-

402

ing the driver, appellant McCarthy, for identification, Officer O'Neill observed a light trench coat lying on the front seat. He further observed, by the use of his flashlight, a blue colored metal pry bar sticking out from between the rear seat cushion and the rear back rest. He placed the occupants under arrest and took possession of the pry bar. At the Cockeysville Station, appellant McCarthy was found to be wearing a jacket missing a portion of a button.

At the trial below, the pry bar and appellant's jacket were introduced into evidence along with the two buttons taken from the jacket and the portion of the button found at the scene, showing thread from the jacket and from the button.

The sole question raised on this appeal is: Was the trial court correct in allowing the State to introduce into evidence a pry bar found in appellant's automobile as well as appellant's coat and related evidence regarding a missing button on the grounds that the evidence was obtained through a lawful search incidental to a lawful arrest?

The rule is well established that if a misdemeanor is being committed in the presence or view of a police officer he may forthwith arrest the offender without a warrant, and an offense is committed in his presence or view if, through his senses, he has knowledge of facts or circumstances sufficient to justify a sincere belief that the accused is committing a misdemeanor in his presence. *Le Faivre v. State,* 208 Md. 52, 56, 118 A. 2d 639; *Davids v. State,* 208 Md. 377, 118 A. 2d 636. If the arrest was lawful the search and seizure was proper and the evidence obtained as a result of a search and seizure incident to a lawful arrest is admissible. *Le Faivre v. State, supra; Kershaw v. State,* 199 Md. 135, 85 A. 2d 783. On the other hand, if no misdemeanor was committed in the presence of the officer, the arrest would be unlawful, a search based upon such an arrest would be unlawful and evidence discovered in the possession of the accused would be inadmissible. *Le Faivre v. State, supra; Walker v. State,* 195 Md. 412, 73 A. 2d 508.

It is conceded by the State that the crimes of attempted storehouse breaking and rogue and vagabond are both misdemeanors. The State argues, however, that even if the crime of attempted storehouse breaking were not committed in the presence of the

officer, appellant would be guilty of the crime of rogue and vagabond since the crime was being committed in the officer's presence at the time he detained and viewed the interior of appellant's automobile with his flash light. Section 490 of Article 27 of the Code provides, in pertinent part, that one shall be guilty of being a rogue and vagabond if he: "* * * shall be apprehended having upon him any picklock, key, crow, jack, bit or other implement, at places and under circumstances from which an intent may be presumed feloniously to break and enter into any dwelling house, warehouse, storehouse, stable or outhouse * * *."

The State contends that when Officer O'Neill observed the blue pry bar sticking out from under the back seat of appellant's automobile, he was then in possession of knowledge that a pry bar, which had left blue paint, had been used in an attempted breaking some few hours previous at a location in close proximity. Also the trench coat observed by the officer on the front seat of the car coincided with the description of the coat worn by one of the two persons seen attempting the storehouse breaking, and that all of these facts were sufficient to warrant the officer in believing that the appellant was at that time guilty of violating the pertinent provision of Section 490 of Article 27, citing *Wright v. State,* 222 Md. 242, 159 A. 2d 636.

We do not agree. The facts in *Wright v. State, supra,* were vastly different from those in the instant case. There, the burglar's tools, which constituted important evidence on the rogue and vagabond charge, found in the trunk of the automobile were found in the execution of a search warrant, not during a search made as an incident of an unlawful arrest.

Here, the attempted storehouse breaking had taken place some two hours before the arrest and was clearly not committed in the presence of the police officer who arrived at the scene some time after the parties had left. When he observed the automobile driven by appellant more than two hours later passing in front of the scene of the crime, he could only surmise that it had been involved. The automobile was being operated in a lawful manner and the officer's only reason for stopping the vehicle was because he suspected it had been the car at the scene since

it had round taillights. The arrest that followed was unlawful as the officer had no warrant and the arrest was based solely on suspicion. The fact that there was a blue pry bar between the rear cushion and back rest of the automobile seen by the officer when he stopped the vehicle would not be sufficient to bring it within the statute, since it was not there "under circumstances from which an intent may be presumed to feloniously break and enter * * *."

As appellant was arrested illegally, the search and seizure were likewise illegal. It follows that the evidence seized from appellant was inadmissible in evidence.

*Judgment reversed; case remanded for new trial.*