## CARLTON ARTHUR WINEBRENNER v. STATE OF MARYLAND

[No. 318, September Term, 1968.]

*Decided March 26, 1969.*

*William R. Sutton* and *Louis Peregoff* for appellant.

*Thomas M. Downs, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Gary Huddles, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

This case provides an example of one in which evidence was improperly admitted as obtained by a search and seizure not shown to be reasonable because the prosecution did not sufficiently establish the validity of a warrantless arrest. Thus, although it is clear that the evidence before the court at the court trial in the Circuit Court for Baltimore County was sufficient to sustain the conviction of the appellant of the felony of selling amphetamine proscribed by Md. Code, Art. 27, § 313B (a) as in effect at the time of the commission of the crime on 1 June 1968,[1] we are compelled on review to reverse the judgment of conviction and sentence of 3 years.

Where an arrest is valid, a search and seizure incident thereto is reasonable and evidence so obtained is properly admissible. *McRae v. State,* 3 Md. App. 388; *Hutchinson v. State,* 1 Md. App. 362. Where evidence is seized as a consequence of an invalid arrest, absent voluntary consent to a search, it may con-

---

. **1.** Chapter 519, Acts 1968, effective 1 July 1968 repealed § 313B and enacted a new § 313B in lieu thereof.

stitute prejudicial error to not exclude it when it is properly challenged. *McCarthy v. State,* 2 Md. App. 400; *Randolph v. State,* 1 Md. App. 441. A warrantless arrest by a police officer is valid where he has probable cause to believe at the time of the arrest that a felony had been committed and that the arrestee had committed it. *Robinson v. State,* 4 Md. App. 515, 522. Where the offense is a misdemeanor the rule is that a warrantless arrest by a police officer is valid where he has probable cause to believe that a misdemeanor has been or is being committed in his presence or view and that the arrestee is the misdemeanant. *Salmon v. State,* 2 Md. App. 513, 522. See *Ramsey v. State,* 5 Md. App. 563, 568, citing *Davids v. State,* 208 Md. 377. Challenge to the evidence claimed to be obtained by an unreasonable search and seizure may be made by motion to suppress or exclude it, Md. Rule 729, or by objection made at the time it is offered, or as soon thereafter as the objection to its admissibility becomes apparent, Md. Rules 522 d 2, 725 f. Where the validity of an arrest and the reasonableness of a search incident thereto are in issue, the State has the burden of establishing the existence of probable cause to justify the arrest. *Gibson v. State,* 4 Md. App. 222. Five years ago the Court of Appeals observed that in many cases coming before it "direct evidence to show the basis upon which the arresting officers acted either is not offered at all, or is alluded to guardedly as 'information received' or in some other and equally uninformative manner (doubtless designed to avoid an objection that it is hearsay), or is actually excluded as hearsay." *Farrow v. State,* 233 Md. 526, 532. We make the same observation today as to many cases coming before us. *We emphasize that on the issues of probable cause and the lawfulness of arrest and of the admissibility of evidence obtained through any search made in connection with the arrest, information upon which the police officer acted, even if hearsay, is directly relevant and is admissible. Farrow v. State, supra,* 532-533; *Veihmeyer v. State,* 3 Md. App. 702, 708. As on the question of the guilt or innocence of the defendant it may be inadmissible as hearsay, or for other reasons the determination of the admissibility of evidence which is dependent upon the validity of an arrest should be made by the trial judge as a preliminary matter quite apart, of course,

from the question of guilt or innocence of the accused. And if the case is being tried before a jury, the hearing on the motion to suppress or exclude the evidence or on the objection to the evidence shall be out of the presence of the jury. Md. Rule 729, d 2; *Robinson v. State, supra* at 521. The trial should be conducted so as to reflect clearly what testimony and other evidence was received on the issue of the admissibility of the challenged evidence and the ruling of the trial judge as to the legality of the arrest, the reasonableness of the search and seizure and the admissibility of the challenged evidence should be stated by him.

The appellant claims error in the admission of evidence seized from him incident to an arrest he contends was invalid. Charles Eckloff testified for the State that he and his brother were in the Motor Little Inn. He was shooting pool and observed the appellant talking to his brother. He did not know what they were talking about but he heard his brother say, "No". The appellant walked over to Eckloff. "He asked if I wanted to buy a pill, a little black thing, and at first I said 'No'. I talked to my brother about it and I said 'Well, I am going to call the police. Somebody is trying to sell pills' ". He called the police station. He did not testify as to whom he talked, whether or not it was a police officer or what he said. Objection to what was said to him during the telephone conversation was sustained. "As the result of calling the police", he bought four pills from the appellant, paying for them with four marked dollar bills. At that point in the trial the three one dollar bills were shown to the witnesss, identified by him as three of the bills he had given to the appellant, and over objection by the appellant were admitted in evidence, the court overruling the objection to their admission without comment. Although it would have been proper to admit the challenged evidence at that point for identification only, it was clear error to admit them into evidence. The testimony was that the bills had been given to the appellant, but there was no evidence as to how or under what circumstances they had come into the possession of the authorities. The witness was then shown a pill. "It looks the same as the pill Mr. Winebrenner sold me". It was received in evidence for identification only. The witness then said, "I called the police up

again, and that is when they come out to make an arrest". The appellant and another man "took off" in a car "just as the police were pulling up. I jumped in the police car and said, 'There they go there' and they gave chase". The witness also testified that before the police arrived a man arrived in a car and talked to the appellant. After they talked "me and Carl (the appellant) got to fighting * * * As we were fighting Mr. Saunders (the man who had driven up) busted out the windows of our car". Eckloff turned over the pill he had bought to an Officer Price.

Officer Joseph Price of the Baltimore County Police Department testified he received a call to go to the Motor Little Inn. Objection to what Eckloff and his brother told him on his arrival was sustained. He went after an automobile which "they pointed out going down Old North Point Road". Again objection to what the Eckloffs told the officer was sustained. The officer caught up with the car and "pulled it over". Objection to what Eckloff said at the time was sustained. The appellant was a passenger in the car and the driver was Saunders. After their identity was ascertained, Eckloff got out of the car. Objection to what he said at that point was sustained. The officer arrested the appellant and Saunders, "advised them of their rights and told them they would have to accompany us to the Edgemere Station where Complainants were going to obtain warrants". Defense counsel said that the police had no right to take them there without a warrant. The court said, "they have a right to arrest at the request of a citizen". Defense counsel observed, "that is not grounds for arresting" and the court merely said, "Overruled". The officer said, "I advised both subjects that they were to be arrested for malicious destruction of property, assault and investigation of narcotics". The officer further testified that the dollar bills in evidence for identification were "taken off Mr. Winebrenner * * * at the Edgemere Police Station". Again the appellant objected on the ground that there was no valid arrest. The court said, "I ruled that there was. You objected to that and I overruled it. I said the arrest was valid and the fruits of it. I overruled your objection. Now these are the fruits of the arrests, the notes". Objection was again made and overruled. The pills given by Eckloff to the police were analyzed

by a chemist of the United States Food and Drug Administration. It was amphetamine. The pill introduced for identification was then admitted in evidence. The appellant offered no evidence.

Even if the fight between the appellant and Eckloff be considered an assault and battery by the appellant on Eckloff, the evidence does not show that misdemeanor nor the misdemeanor of malicious destruction of property, Md. Code, Art. 27, § 111, were committed in the presence or view of the arresting officer. Neither of these acts justify the arrest.[2] The arrest could be valid here only if the officer had probable cause to believe at the time of the arrest that the appellant had violated the Uniform Narcotic Drug Act, Md. Code, Art. 27, §§ 276-305, or the provisions of § 313B pertaining to amphetamines.[3] After the verdict the trial court "for the record" qualified its former statement that a police officer has "a right to arrest at the request of a citizen" by saying:

> "The Court, over the proper objection of defense counsl, finds there was probable cause for arrest based on the fact that the officer had reason to believe that a felony had been committed by the phone call to Edgemere Police Station. Upon their arrival in pursuit of the vehicle from information received by the police supplied by an individual, is sufficient probable cause that a felony had been committed. The arrest was proper. The legal arrest and fruits thereof were proper."

But the record must clearly indicate the information on which an arresting officer relies and that information must show that he had probable cause to believe that a felony had been committed and the accused had committed it. *Beck v. United States*, 379 U. S. 89; *Colopietro v. State*, 5 Md. App. 312, 314. Here the record does not disclose the information on which the ar-

---

2. The evidence does not disclose that the warrants the officer told the appellant "the Complainants were going to obtain" were in fact obtained.

3. Violation of § 313C, possession or control of amphetamines, and §§ 307-313, dangerous drugs, are misdemeanors.

resting officer relied. It does not show what Eckloff told the police in the first phone call or the second phone call or when the police arrived on the scene. It does not show what information on the issue the arresting officer or any member of the police team had at the time of the arrest. It may well be that had Eckloff testified as to exactly what he told the police by phone and when he met the officer at the scene or had the officer been permitted to testify as to what Eckloff from time to time told him prior to the arrest and what information he had at the time of the arrest, probable cause for the arrest would have been established. Such testimony would have been properly admissible on the issue of the legality of the arrest whether hearsay or not. Evidence to show the basis upon which the arresting officer acted in making the arrest, including the nature and details of information received from other law enforcement officers and informants, is not only relevant and admissible on the issue of probable cause, but must be affirmatively shown if the State is to carry its burden of proving the legality of the arrest. *Mullaney v. State,* 5 Md. App. 248, 253. On the evidence before the court, its finding that there was probable cause for the arrest was clearly erroneous. As the existence of probable cause for the warrantless arrest was not established, we must hold that the arrest was invalid. As the arrest was invalid, the search of the appellant incident thereto and the seizure of the marked money was unreasonable. As the money was obtained by an unreasonable search and seizure it was improperly admitted in evidence and its admission here was prejudicial error.

In view of our holding we do not reach the other question presented.

> *Judgment reversed; case remanded for a new trial.*