[No. 5944–8–III.   Division Three.   August 2, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. KEVIN
HORNADAY, *Petitioner.*

*Scot D. Stuart,* for petitioner (appointed counsel for appeal).

*Douglas S. Boole, Prosecuting Attorney,* and *Melanie Paige Romo, Deputy,* for respondent.

MUNSON, C.J.—Kevin Hornaday appeals his conviction for resisting a lawful arrest.[1] We affirm.

On June 6, 1982, Officer Fenn of the Okanogan police department observed Mr. Hornaday, who appeared to be intoxicated. When he requested Mr. Hornaday's identification, Officer Fenn noticed the strong odor of liquor on Mr. Hornaday's breath. Because his driver's license indicated he was 20 years old, Officer Fenn placed him under arrest for violating RCW 66.44.270, illegal consumption or possession of liquor. When Mr. Hornaday refused to enter the backseat of the patrol car and swung his elbow at the officer, he was forcibly placed in the car.

After Mr. Hornaday's motion to dismiss was denied, he was tried in district court on a stipulated statement of facts and found guilty of illegal possession of alcohol, RCW 66.44.270, and resisting arrest, RCW 9A.76.040. The convictions were affirmed by the Superior Court; we subsequently granted discretionary review, RAP 2.3(d).

The sole issue for review is whether the underlying arrest was lawful as that term is used in RCW 9A.76.040. Mr. Hornaday concedes there was probable cause to arrest, but contends the violation of RCW 66.44.270 did not occur in Officer Fenn's presence.

RCW 10.31.100 authorizes a police officer to arrest a person without a warrant for committing a misdemeanor when the offense occurs in the officer's presence. *See also State v. Greene,* 75 Wn.2d 519, 521, 451 P.2d 926 (1969); *State v. Wilson,* 70 Wn.2d 638, 641, 424 P.2d 650 (1967); *State v. Llewellyn,* 119 Wash. 306, 310, 205 P. 394 (1922). RCW 66.44.270 makes it "unlawful for any person under the age of twenty–one years to acquire or have in his possession or

---

[1]RCW 9A.76.040(1) provides:

"(1) A person is guilty of resisting arrest if he intentionally prevents or attempts to prevent a peace officer from lawfully arresting him."

consume any liquor . . ."

██ Here, Officer Fenn, having probable cause to believe Mr. Hornaday was in the act of unlawfully possessing and consuming liquor, was fully justified in arresting him without a warrant. *See State v. Phillips,* 163 Wash. 207, 209, 300 P. 521 (1931); *State v. Llewellyn, supra. See also State v. Cook,* 194 Kan. 495, 399 P.2d 835, 839 (1965); *McCarthy v. State,* 2 Md. App. 400, 234 A.2d 767, 769 (1967); C. Fisher, *Arrest,* §§ 82–85 (1967). Obviously, RCW 66.44.270 was intended to prohibit all illicit contact an underage person might have with alcohol. In this respect, an officer should not be required to engage in a sophisticated legal analysis in deciding whether the offense was committed in his presence. Law enforcement officers are often called upon to make prompt decisions, based upon their interpretation of the conduct of others which they witness. *See Sennett v. Zimmerman,* 50 Wn.2d 649, 651, 314 P.2d 414 (1957). Under the circumstances, Officer Fenn was justified in concluding the presence of alcohol in Mr. Hornaday's system constituted the possession and consumption proscribed by RCW 66.44.270.

The dissent's perception of what constitutes "consume", within the meaning of RCW 66.44.270, ignores the broad definition intended by the Legislature in adopting RCW 66.04.010(6), which defines "consume" as including "the putting of liquor to any use, whether by drinking or otherwise." According to *Webster's Third New International Dictionary* 490 (1969), consume means: "to destroy or do away with completely . . . to eat or drink esp. without measure . . . to engage or absorb fully the attention, interest, or energy of". *See also Albuquerque Lumber Co. v. Bureau of Rev.,* 42 N.M. 58, 75 P.2d 334, 338 (1937); *Western Leather & Finding Co. v. State Tax Comm'n,* 87 Utah 227, 48 P.2d 526, 528 (1935). Under either definition, it was reasonable for Officer Fenn to assume Mr. Hornaday was in the process of consuming alcohol.

Similarly, the dissent's reliance upon *Nethercutt v. Commonwealth,* 241 Ky. 47, 43 S.W.2d 330 (1931), for the pur-

pose of defining the term "possession" within RCW 66.44-.270, is not persuasive. Our concern here is not with the final determination of guilt or innocence, but with the lawfulness of the arrest. *See State v. Green,* 70 Wn.2d 955, 958, 425 P.2d 913, *cert. denied,* 389 U.S. 1023 (1967); *State v. Ward,* 24 Wn. App. 761, 766, 603 P.2d 857, *review denied,* 93 Wn.2d 1019 (1979), *cert. denied,* 449 U.S. 984 (1980). Even if the term "lawful arrest" required something more than a reasonable belief on the part of the officer that a crime was being committed in his presence, the rule of strict construction does not require a forced, narrow or overstrict interpretation of a statutory term. *See State v. Carter,* 89 Wn.2d 236, 242, 570 P.2d 1218 (1977).

Furthermore, *Nethercutt* was based upon a series of prohibition cases which were primarily concerned with the degree of possession evidencing the defendant's intent to control or distribute liquor. *See Brooks v. Commonwealth,* 206 Ky. 720, 268 S.W. 339 (1925); *Skidmore v. Commonwealth,* 204 Ky. 451, 264 S.W. 1053 (1924); *Sizemore v. Commonwealth,* 202 Ky. 273, 259 S.W. 337 (1924). The fact these cases can be distinguished from the present situation is evident from the decision in *State v. Jones,* 114 Wash. 144, 194 P. 585 (1921). In considering what "possession" meant in the context of the prohibition laws, the court stated at pages 147–48:

> [I]n the absence of anything else upon the subject of the mere possession alone, leads to the conclusion that the legislature had in mind only the possession of liquor in such quantities and under such conditions as would make it available for unlawful transportation or sale, and did not intend to make a criminal of every person who might partake of a friend's hospitality.

*See also State v. Bostock,* 147 Wash. 402, 266 P. 173 (1928). In contrast, the obvious intent of RCW 66.44.270 is to prohibit all forms of possession of liquor by an underage person unless otherwise provided.

Because of Mr. Hornaday's physical condition, there was probable cause to believe a crime was being committed in

Officer Fenn's presence; the arrest was lawful as that term is used in RCW 9A.76.040. Since Mr. Hornaday resisted a lawful arrest by refusing to enter the patrol car, the conviction is affirmed.

GREEN, J., concurs.

McINTURFF, J. (dissenting)—I would reverse the conviction of resisting a lawful arrest, RCW 9A.76.040, because Mr. Hornaday was not lawfully taken into custody. Absent circumstances not present here, RCW 10.31.100 only authorizes a police officer to arrest a person without a warrant for committing a misdemeanor when the offense occurs in the officer's presence.[2] The majority concludes Mr. Hornaday possessed or consumed liquor in the arresting officer's presence. RCW 66.44.270. Thus, the question narrows to whether the "appearance" of intoxication plus the odor of intoxication, without more, is "possession" or "consumption" within the meaning of the statute. If it is not, Mr. Hornaday's arrest was unlawful, and his conviction for resisting a "lawful" arrest must therefore fall.

Where the language of a penal statute is unambiguous, it must be construed with its "obvious meaning." In such cases, "there is no room for judicial interpretation." *State v. Green,* 91 Wn.2d 431, 441, 588 P.2d 1370 (1979). Fundamental fairness precludes "possible but strained interpretation[s]", and proper judicial restraint mandates "a literal and strict interpretation" of criminal statutes. *State v. Bell,* 83 Wn.2d 383, 388, 518 P.2d 696 (1974).

According to *Webster's Third New International Dictionary* 490 (1969), "consume" means "to destroy", as with fire, or "to use up" as in spending wastefully or squander-

---

[2]While RCW 10.31.100 permits an officer to arrest without a warrant anyone for using or possessing *cannabis* on mere probable cause, the same statutory concession is not made with respect to *liquor* unless the officer has probable cause to believe the person is driving while under the influence of intoxicating liquor or driving recklessly. RCW 10.31.100(1) and (2)(c) and (d). The record in this case does not reflect motor vehicle involvement.

ing, or "to eat or drink". Other definitions refer to full absorption, as with attention or energy, and to wasting away. RCW 66.04.010(6) defines "consume" to "[include] the putting of liquor to any use, whether by drinking or otherwise."

The language, "possession of intoxicating liquor" is "clear, plain and unambiguous," *State v. Johnson,* 129 Wash. 62, 66, 224 P. 602 (1924), and includes constructive as well as actual possession. Constructive possession of liquor denotes control of the substance. *State v. Bostock,* 147 Wash. 402, 404, 266 P. 173 (1928); *accord, State v. Davis,* 16 Wn. App. 657, 659, 558 P.2d 263 (1977) (constructive possession of marijuana requires a showing of dominion and control of the premises).

However, in *Nethercutt v. Commonwealth,* 241 Ky. 47, 43 S.W.2d 330 (1931), the court held, as a matter of law, that liquor in one's stomach does not constitute possession of intoxicating liquor. *See also Franklin v. State,* 8 Md. App. 134, 258 A.2d 767, 769 (1969) (once a narcotic drug is injected into the vein, or swallowed orally, it is "apparent" it is no longer in the individual's control for purposes of unlawful possession); *State v. Downes,* 31 Or. App. 1183, 1186, 572 P.2d 1328, 1330 (1977) ("*Obviously,* after a drug is ingested or injected into the human body, the host body can no longer exercise dominion or control over it." (italics mine)). Consequently, it takes a strained interpretation of the statutory language to say an officer observed possession of liquor by merely seeing an apparently intoxicated person.

The majority relies upon the seemingly broad statutory definition of "consume" (putting the liquor to any use) as operating to allow an officer to observe consumption by viewing, without more, an apparently intoxicated person. However, "putting" means placing in a certain position. *Webster's,* at 1849. Again, this definition denotes a volitional act or exercise of control. It therefore similarly takes a strained interpretation of the statute to say an officer observes a person consume alcohol simply by seeing an

individual who is apparently intoxicated. Indeed, the appearance and odor of intoxication may be disease induced or caused by medical conditions. Under such circumstances, the officer has probable cause for an arrest warrant since he has cause to believe a violation of the consumption statute occurred recently but, without more, he may not effect a warrantless arrest.

I do not say that had the arrest been effected lawfully, the minor could not have been convicted. *See State v. Lawson,* 37 Wn. App. 539, 681 P.2d 867 (1984) (odor of alcohol with unsteady physical conduct and unclear speech constitutes substantial evidence from which a fact finder could conclude consumption had previously occurred). Moreover, in this instance, even if a fact finder were not persuaded of guilt, a proper arrest nevertheless would have occurred for purposes of the charge of resisting a lawful arrest, had a warrant been issued.

Since public policy demands minors be protected from themselves, it may be RCW 10.31.100 should include the additional exception of permitting a warrantless arrest on probable cause that consumption or possession of liquor has occurred, regardless of whether there is probable cause to believe the consumption was associated, as in the other statutory exceptions, with driving. But, this is a matter for the Legislature, not the courts.

Review granted by Supreme Court October 19, 1984.